THOMAS P. McKENNA, RESPONDENT, v. WALTER READE, APPELLANT.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Stein, McGlynn & Hannoch* (*Lester C. Leonard,* of counsel).

For the respondent, *Perkins & Drewen.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment entered in the Supreme Court on the verdict of a jury, at the Mon-

mouth Circuit, in favor of the plaintiff-respondent and against the defendant-appellant, in an action, brought by the former against the latter for the use and occupation by him, of certain premises, and also to recover compensation for injuries done to the property while the appellant was in possession thereof.

The facts, succinctly stated, are these: The plaintiff below, respondent here, was the owner of a vacant tract of land in the city of Long Branch. The tract of land is adjacent to the Broadway Theatre, owned by the Broadway Theatre Company, a corporation in which the defendant below, appellant here, held stock.

On May 9th, 1925, the parties to this controversy entered into a written agreement whereby the respondent, McKenna, agreed to sell the premises in question to Reade, the appellant, for $50,000. Reade paid McKenna $5,000 on account of the sale price of the property. The date fixed in the agreement for the passing of title was May 25th, 1925. With the permission of McKenna, after the contract was made, Reade went into possession of the premises in question. The closing of title to the premises did not take place on the date originally fixed for that purpose, but was extended from time to time by mutual arrangement between the parties for various reasons, and, finally, June 22d, 1925, was definitely fixed for the time of the passing of title. When the latter date arrived, McKenna tendered a deed for the premises to Reade, who dclined to accept it. After such refusal McKenna listed the property with various real estate brokers for sale. Reade, however, retained possession.

In August, 1925, there was a sudden rise in the value of real estate in various sections of Long Branch, and it was then, as appears from the record of the Court of Chancery, in evidence, that Reade filed a bill in said court, for specific performance of the contract which had been entered into between him and McKenna, for the sale of the property, according to the terms of the agreement.

The cause was decided adversely to Reade by the Court of Chancery, upon the ground that the contract of sale which Reade was seeking to enforce, had been abandoned by him, and

thereupon the bill was dismissed. Reade took an appeal from the Court of Chancery to this court, which appeal resulted in an affirmance of the decree.

From the time Reade took possession of the property, under the contract of sale, he used it as a parking ground for automobiles, and as an entrance-way for the stage employes to the Broadway Theatre. Reade also caused the top soil and trees to be removed from the land. There was testimony to the effect, that about five hundred cubic yards of top soil and clay and some trees were removed by him.

An amended complaint was filed in the cause. It contained six counts, the first three of which are for use and occupation of the premises. The fourth count is to recover *mesne* profits from June 22d, 1925, to the commencement of the action; and the fifth and sixth counts are to recover the value of the top soil carried away or removed by Reade, and for waste committed by him upon the premises.

The trial judge ignored the counts of the amended complaint for use and occupation, upon the theory that the relation of landlord and tenant was not shown to have existed between the parties, and which circumstance, he properly held was essential in order to support an action for use and occupation. He also ignored the counts based upon the allegation of waste having been committed upon the premises, upon the same theory, namely, the absence of proof of the relation of landlord and tenant. The case was submitted to the jury on the theory that there was a breach of contract, and the plaintiff, therefore, was entitled to recover *mesne* profits resulting from the breach, and also to compensation for the soil taken from the premises in question by Reade, without license from McKenna, the owner.

The trial judge submitted the question of the plaintiff's right to a recovery upon the two counts of the amended complaint, one of which alleges a breach of the contract by the appellant as a basis for a recovery of *mesne* profits, and the other alleges certain acts committed by the defendant injurious and detrimental to the land in question, as a basis for a recovery of damages. The trial judge proceeded upon the theory that an action for use and occupation required the

existence of the relation of landlord and tenant to sustain the action, such as was required at common law, and no action for waste would lie for the same reason.

While it is firmly settled law, that the relation of landlord and tenant must exist in order to support an action for use and occupation, we are not prepared to say that the facts of the present case, as developed by the testimony, were not of such a character as to imply that a relation of landlord and tenant did exist, nor do we concur in the view enunciated by the trial judge, that the facts were insufficient to support an implication of the existence of the relation of landlord and tenant between the parties, so far as the action of waste is concerned, but whatever the rule may be, as applicable to the question as to the right of the plaintiff to recover for use and occupation, it was settled by this court in *Freeman* v. *Headley*, 33 *N. J. L.* 523, in an opinion by Chancellor Zabriskie, who, in speaking for this court (at *p.* 533), says: "The defendant was in possession of the premises under the plaintiff, in such manner as to make him a tenant at will, for the purpose of sustaining an action on the case in the nature of an action of waste. He was not a tenant for the purpose of sustaining an action for use and occupation, at least such is the weight of authority, although even on this point there is a serious conflict of authority, but the decision of the Supreme Court in the case of *Brewer* v. *Conover*, 3 *Harr.* 215, must place that question at rest in this state." And at page 535 the learned chancellor says: "Upon these authorities and upon principles applicable to the case, I have no difficulty in holding that a purchaser in possession of land, under a contract to purchase, whether written or verbal, is a tenant-at-will for the purpose of sustaining an action on the case in the nature of waste, for destruction committed while in such possession. It would be a great defect if no remedy at law was provided for such destruction of buildings, which might be the greater value of the property, where the contract was not fulfilled because not in writing, or because of some neglect of the vendor to perform some stipulation in exact compliance with the terms of the contract. That there may be a remedy in equity is not sufficient; the law should provide a direct

remedy for such a wrong; and the remedy in equity depends upon many circumstances and may render it entirely inefficient. And for this purpose any entering upon and holding premises by permission of the owner, and subservient to his title, should be held to constitute a tenancy sufficient to maintain this action."

Thus it becomes manifest, that the rulings of the trial judge, which resulted in the amended counts, and upon which the case was submitted to the jury, were not harmful or prejudicial to the appellant, and any error committed by the trial judge in striking out the count for waste, and the count for use and occupation upon the motion of counsel of appellant, cannot be availed of by the latter as grounds for reversal. The substituted counts, upon which the case went to the jury, according to the testimony in the case, show a legal cause of action.

The record shows, that the merits of the cause were tried out between the parties on the issues presented by the amended counts.

There are thirty-six grounds of appeal.

The brief presented on behalf of the appellant has not been helpful in respect to pointing out specifically the errors relied on, and alleged to have been committed by the trial judge in his charge to the jury.

Thirteen of the grounds of appeal, beginning with No. 23 and concluding with No. 35, which grounds are directed against portions of the charge of the trial judge as erroneous, are too general, and are, moreover, improperly stated, in that each of them fails to point out specifically the particular error committed by the trial judge, and relied on for reversal.

We have repeatedly called the attention of the members of the bar in a number of cases, to the absolute necessity of pointing out with particularity, the errors relied on, in order that they may be considered on review, by the court. See *Donnelly* v. *State,* 26 *N. J. L.* 463; *State* v. *McQueen et al.,* 69 *Id.* 476, 522; *Kargman* v. *Carlo,* 85 *Id.* 632; *Miller* v. *Delaware River Transportation Co.,* 85 *Id.* 700; *State v. Hendrickson,* 95 *Id.* 10; *Bowen* v. *State Highway Commission,* 135 *Atl. Rep.* 340; *State* v. *Blaime,* 5 *N. J. Mis. R.* 633; *affirmed,* 103

*N. J. L.* 325; *State Highway Commission* v. *John Zyk* and *Mary Zyk, ante, p.* 156.

A fair specimen of the grounds of appeal relied on for reversal in the instant case, so far as the court's charge is concerned are numbers 26 and 27. No. 26 reads: "Because the court charged as follows:" "And therefore, if you find in this case as a fact that some corporation or some other person, not Reade, was responsible for the excavation on the lot in question, or indeed, that there was no such excavation on the premises, then I charge you there can be no verdict against Mr. Reade."

No. 27 reads: "Because the court charged as follows:" "And again it is said the land was used for parking purposes apparently in connection, I may say with patrons of the treatre. But was Reade responsible for that, or was the Broadway Theatre Company responsible? Then again it is said that certain radiators were parked as it were, or placed upon the land. It further appears in that connection that at that time there was a building operation going on on the land belonging to Mr. Reade, not to Reade, unless you find some evidence in the case that warranted the inference that Reade was responsible for having those radiators placed there, of course you could not hold him."

It is a well settled legal rule of practice that a general exception to the charge of the court cannot be properly taken so as to form a basis for grounds of appeal. The reason for this is quite manifest since the trial judge is entitled to know in what respect he has erred, and require that the alleged error be pointed out to him so that he may have the opportunity to correct the same, if he thinks such correction should be made; and further, opposing counsel is entitled to know what particular exception to the judge's charge he is called upon to meet, and this, obviously cannot be done by presenting portions of the court's charge, embracing several propositions, some of law, or some of fact, or some of law and fact.

To take an excerpt from the court's charge containing several propositions, whether they be of law or of fact, and to make such excerpt a ground of appeal, cannot be reasonably differentiated in its practical effect from that which would

result from quoting the entire charge and alleging grounds of appeal or errors committed therein.

Moreover, it is to be observed, in the brief of counsel of appellant, that the grounds of appeal are divided into three groups, each of which group gives the numbers of the grounds of appeal, without stating the contents thereof, thus requiring the court to explore the entire record in order to ascertain what the legal proposition being argued is. Such practice is pernicious and cannot be tolerated.

There is no merit in the contention of counsel for appellant, that the trial judge erred in allowing the amendments of the complaint to be made. There was proof that the defendant had not only breached the contract, but that after the contract was breached, he remained in possession, and exercised dominion over the property. In the light of the evidence, the trial judge was warranted in allowing the plaintiff to amend his complaint and to substitute for the count based upon use and occupation of the premises, a count which would entitle the plaintiff to recover the damages which resulted to him from the breach of the contract, such as *mesne* profits, &c.

Nor is there any merit in the contention of appellant's counsel that the trial judge erred in allowing the count for waste to be amended so as to sound in trespass. The amendment was not harmful to the appellant.

In 27 *R. C. L.* (at *p.* 1012, ¶ 2), the text, *inter alia*, reads: "In general, waste is the abuse or destructive use of property by him who has not an absolute, unqualified title; while trespass is an injury or use without authority, of the property of another by one who has no right whatever."

So in either legal aspect of the instant case, the plaintiff was entitled to a recovery of damages for the injury done to his land.

At the close of the plaintiff's case, there was a motion made on behalf of the appellant for a nonsuit, and after the close of the entire case, appellant's counsel moved the court to direct a verdict for the defendant. Both of these motions were properly denied.

Counsel of appellant requested the trial judge to charge the jury, as follows: "If you find for the plaintiff you can

find no more than nominal damages." The trial judge refused to charge, as requested, and an exception was taken and is argued in the appellant's brief. The request was properly refused.

Other grounds of appeal, within the legal rule of practice, above indicated, and argued in the appellant's brief and urged as grounds for reversal, have been examined and considered, and we find them to be without substance.

Judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.