ELIZABETH B. CHAPIN, RESPONDENT, v. F. STANLEY KREPS (IMPLEADED, ETC.), APPELLANT.

Argued May 22, 1929—Decided October 14, 1929.

For the appellant, *F. Stanley Kreps, in pro per.*

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

PARKER, J.   This is a suit by a vendee of real estate to recover back the money paid at the time of entering into the contract, on the ground of fraudulent misrepresentation of the quantity of land sold.   The property consisted of six building lots plotted on a map as thirty-five feet each in frontage, but which turned out to be only thirty feet each. The jury were clearly entitled to find that such misrepresentation had been made and was an inducing cause of the purchase at the price agreed, and no point is made on that score.   The gravamen of the appeal is that the misrepresentations if made were not made by the seller but by a salesman without authority or knowledge of the seller, and that the latter is not chargeable therewith.

A short statement of the facts as the jury were entitled to find them is advisable.   The land had belonged to one Johnson, for whom the salesman Roberts, a party-defendant herein, supposed he was acting when he negotiated the sale. When Roberts, after arranging the sale, went to Johnson to procure his signature to the contract, he was informed that Johnson had sold out to the appellant Kreps, so Roberts hurried off to Kreps with the contract and induced him to sign as vendor and receive the cash payment.   The contract was thus complete in form, but Kreps was not informed in any way of the misrepresentations that induced plaintiff to enter into it.

Several of the grounds of appeal are controlled by a proper application of the rules relating to fraud by an agent without knowledge of the principal.   It is settled that an innocent vendor cannot be sued *in tort* for the fraud of his agent in effecting a sale; but may at his option rescind the contract and sue to recover back the money paid on it, or sue the

agent for the deceit. *Kennedy* v. *McKay,* 43 *N. J. L.* 288, followed and approved in *Crescent Ring Co.* v. *Travelers Indemnity Co.,* 102 *Id.* 85; *Reilman* v. *Fiorillo,* 76 *Id.* 815. The present suit, as already noted, is for a recovery back of the money pursuant to a rescission.

The case is somewhat unusual on the facts, in that there was a change of ownership unknown to Roberts, and the new owner might properly have repudiated the whole arrangement made by Roberts if he had chosen to do so. There was a motion to nonsuit in which it was urged that there was no evidence that Roberts was agent for Kreps, or if he was, that he had any authority to make any representations about the property; and in the same breath, that the contract should be enforced as made. It seems plain that if Kreps chose to adopt a contract made without his authority by Roberts and accept a down payment which resulted from Roberts' willful misstatements of fact, he adopted it with the liability to rescission which the law would place upon it in view of its origin. This disposes of the refusal to nonsuit and to direct a verdict, grounds two and three, and also number six request to charge that an innocent vendor cannot be sued for the fraud of his agent in effecting a sale. As we have seen, he can be sued for a return of the money advanced, and hence the request was too broad.

Ground four challenges a portion of the charge without reproducing the language, and therefore need not be considered. *State* v. *Blaine,* 104 *N. J. L.* 325. Moreover, the ground is unfounded in fact, as the court did not charge as alleged.

It is also alleged for error (ground six) that the court refused to charge the following request: "Fraud which would warrant purchaser of land to recover from broker amount of deposit on the sale of real estate must be intentional and designed to deceive and not an honest mistake concerning which the plaintiff was in a position to practically inform himself as well as the defendant." This seems to be directed to a claim against the broker, in which the defendant, owner, had no interest whatever, so that such a charge was quite irrelevant as to this appellant.

The only other ground of appeal is number one, the admission of a letter marked *Exhibit P-6*, which was objected to as immaterial. As this letter is not laid before us in the printed case we are unable to judge whether it was material or not, and consequently appellant has shown no error in admitting it.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.