LOUIS J. FRIED & COMPANY, A CORPORATION, RESPOND-
ENT, v. JULIUS GELTZEILER, APPELLANT.

Submitted January 30, 1931—Decided May 5, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the appellant, *Lionel P. Kristeller.*

For the respondent, *Koehler & Augenblick.*

PER CURIAM.

Of the nine grounds of appeal, all but the first two are
unavailing. *State Highway Commission* v. *Zyk,* 105 *N. J.
L.* 156; *State* v. *Blaine,* 104 *Id.* 325; *Chapin* v. *Kreps,* 7
*N. J. Adv. R.* 1058; 147 *Atl. Rep.* 398. However, the meri-
torious question involved is substantially covered by Nos.
1 and 2, which have been duly considered.

The suit was based on a sale by plaintiff to defendant of
two hundred shares of "American Founders New" for
$8,325. There was a written memorandum of the sale signed
by plaintiff and "accepted" in writing by defendant over his
signature. Defendant paid $500 on account but defaulted
on the remainder and plaintiff sold the stock in open market
at a loss and sued for the difference. The written paper was
offered and received in evidence over the objection "that it
is not the contract alleged in the complaint." This is the
first ground of appeal, and appears not to be argued.

The second ground arises out of the examination of one Gans, an employe of plaintiff, who testified to delivering to defendant the certificate of stock, and to a conversation with him on that occasion. After the direct and cross-examination were concluded, the court asked: "Q. Did you have any authority to fix the terms of the sale of Fried & Company?" (objected to by defendant: objection overruled, and exception entered. The witness answered in the negative).

It is now urged that this was error; but as no ground for the objection was stated, it was unavailing. *Mooney* v. *Peck,* 49 *N. J. L.* 232; *Semkin* v. *Hollander,* 82 *Id.* 485.

Notwithstanding the insufficiency of the other grounds of appeal, we have considered the points made in the brief, and find no error in the trial or the charge.

The judgment will be affirmed.