## H. G. VOGEL COMPANY, RESPONDENT, v. THE 295 HALSEY STREET COMPANY, APPELLANT.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellant, *Jacob L. Newman, Lionel P. Kristeller* and *Saul J. Zucker.*

For the respondent, *Maurice Bernstein* and *David Bernstein* (of the New York bar).

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the Supreme Court entered in favor of respondent and against

appellant, in an action in replevin, awarding to respondent possession of an automatic sprinkler system, together with its accessories, which had been installed on the premises now owned by the appellant, while in the ownership of another corporation, and which had been installed under a contract of conditional sale with appellant's predecessor, and also awarding damages.

Respondent waived the taking of the goods as permitted by the statute.

The complaint was in two counts; the first count was in replevin, and the second count was in trover. The defendant urges that the plaintiff should have been required to elect on which count it proposed to proceed.

The first count alleged that the sprinkler system was installed under a conditional sales agreement with the Equitable Properties Corporation in 1927, for a consideration of $3,600, of which $1,400 remains unpaid; that the agreement was duly recorded and provided that the property should remain in the seller until the purchase price was fully paid and should at all times be considered as personal property; that in 1929 the premises were conveyed to the defendant (they were sold by the sheriff in foreclosure proceedings) and that defendant acquired title with full notice of the conditional sales agreement and of the amount due thereon.

The second count repeats the allegations in the first count, sets up the demand for possession, and alleges conversion of the goods.

The answer is formal, except that the first separate defense to each count is that the defendant is a *bona fide* purchaser for value "without notice of the alleged claim of the plaintiff, and the goods sued for having been affixed to the said realty so as to become a part thereof, the alleged reservation of title in the plaintiff is void," under *Pamph. L.* 1919, *ch.* 210.

The trial judge refused to nonsuit and to direct a verdict for the defendant. He then submitted the following question in the first paragraph of his charge:

"The question which will be submitted to you is this, 'is the sprinkler system, with all the hangers, accessories, sprink-

ler heads, piping, severable wholly without any injury to the freehold?' and your answer to that will be 'yes' or 'no.' "

The answer of the jury was "yes."

Thereupon the court signed a *postea* for the plaintiff for possession of the property, and assessed damages in the sum of $975. This amount was the sum of $1.50 each for six hundred and fifty sprinklers, testified to by plaintiff's witness Kay as the cost of removal of the system.

Section 7 of the Conditional Sales act (*Pamph. L.* 1919, *p.* 462; *Cum. Supp. Comp. Stat., p.* 3130), invoked by defendant, reads in part:

"If the goods are so affixed to realty, at the time of a conditional sale or subsequently so as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation."

A determination by the jury that the system was not wholly severable without any injury to the freehold would have ended the case, the defendant not having expressly assented to the reservation of title.

The agreement was on file before the sheriff's sale took place, so that the balance of section 7 does not apply.

The appellant raises eight grounds of appeal argued under seven points.

The first point is that the complaint set forth inconsistent causes of action, and that the court was in error in refusing to require the plaintiff-respondent to elect whether it would proceed on the count in replevin or the one for conversion.

Whether or not such counts are permissible under our practice is not necessary to be decided in this case. Supreme Court rule 22 provides: "Objection for misjoinder of causes of action is waived unless made on motion, before answer or reply respectively. [Rule 15, Practice act 1912]." No such objection was made.

Point two deals with the admission of testimony. The ground of appeal, however, does not point out the testimony,

the admission of which is said to be erroneous, and does not raise any point for the consideration of this court. *Booth* v. *Keegan,* 10 *N. J. Adv. R.* 200.

Point three is that it was error to refuse to nonsuit. This is argued under two heads (A) that the plaintiff failed to prove that the sprinkler system was removable without material injury to the freehold. This was clearly a question of fact, under the testimony adduced, and the trial judge properly submitted it to the jury. (B) that the plaintiff failed to prove that the system was removable without injury to the use of the freehold as a public garage. It appears that the local ordinance requires a building to be equipped with a sprinkler system before it may be licensed as a garage. This question seems to us to be merged in the first one, and, if it is entitled to any consideration, was a question of fact and was answered by the jury against appellant's contention.

Point four is based upon the provision of the statute which requires assent of a purchaser if the goods are not severable without injury to the freehold. Whether or not the goods were so severable was a question of fact, in this case, so that the refusal to nonsuit upon this ground was not error.

Point five is practically the same as B under point three and the question of licensing is really not relevant.

Point six challenges a long excerpt from the charge of the trial judge. The ground of appeal is faulty and does not properly raise any question for consideration by this court. It is clear that the entire excerpt from the judge's charge set out in the appellant's brief is not erroneous, and it is not pointed out what part is erroneous or in what particular any of it is wrong.

Point seven is that the trial court erred in assessing damages of $975. The case appears, by assent of counsel of both parties, to have been reduced to a single question for the jury, namely, whether or not the goods were severable without damage to the freehold, and it seems to have been taken for granted that the damages as testified to would follow the verdict, and that the trial judge should settle all other questions. Defendant submitted no request to charge upon this

point. The attorney for plaintiff asked the court, just before the charge was delivered: "Do the damages as costs of removal enter into the question of verdict?" To which the judge replied: "I will take care of that in the charge." The defendant remained silent and apparently acquiesced in the suggestion that damages should follow a verdict favorable to plaintiff. Upon the question of damages, the sum of $975 was the only figure in testimony, and was, therefore, the only one that the parties could have assumed would be used as the measure of damage.

The eighth ground of appeal is that error was committed in including damages in the *postea,* "since no motion was made therefor by respondent." This does not raise the propriety of the court's action generally in respect of damages, but limits it to the propriety of such action because no motion therefor was made. If the plaintiff, in the view of the court, was entitled to damages, it was not necessary that a motion be made.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.