EDWARD KLEINMAN, PLAINTIFF-RESPONDENT, v. THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the plaintiff-respondent, *Harold F. Simandl.*

For the defendant-appellant, *Davies & Davies (Edward F. Merrey,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This appeal seeks to review a jury verdict returned in favor of the plaintiff-respondent. We desire, at the very outset, to point out that the state of case submitted does not contain the judgment complained of and to be considered by the court. All that appears is a mere statement at the end of the answer in the following form: "The jury returned a verdict for the plaintiff for forty-nine hundred dollars ($4,900)."

It is elementary learning that an appeal does not lie in any case until there is a final judgment. 2 *Comp. Stat., p.* 2207. *Salmons* v. *Rugyeri,* 103 *N. J. L.* 596; *Van Hoogenstyn* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *Id.* 189. Section 25, Practice act (1912), *Pamph. L., p.* 382. The state of case submitted should contain the judgment complained of and to be considered by the court. (Rule 19, Court of Errors and Appeals.) We could therefore with propriety stop at this point and dismiss the appeal. *Mayer* v. *Roche,* 73 *Atl. Rep.* 516.

But since counsel for both parties have fully prepared and submitted their respective points and arguments on the supposition that the verdict aforesaid was a final judgment, we have concluded, in order to avoid delay, to treat the supposition as a fact and finally dispose of this appeal on the merits.

The facts are as follows: On October 4th, 1925, defendant-appellant issued a certificate in the nature of a policy insuring plaintiff-respondent against loss by theft of his Stutz automobile. Plaintiff-respondent purchased the automobile on August 10th, 1925, and paid $4,500 for it. A part was paid in cash, part by accepting a Chandler automobile of the plaintiff-respondent in trade, and the balance of $2,250 plaintiff-respondent obligated himself to pay in twelve monthly notes of $211 each. Said notes were secured by a

conditional sales agreement and both were assigned to Auto Brokerage Company. Of all this the defendant-appellant had full knowledge.

The automobile was stolen on December 31st, 1925, while parked in front of the Hotel Riviera, Newark, New Jersey. The theft was reported to the police department and due notice given to the defendant-appellant company. Claim was made on the company, by proof of loss, to the amount of $3,600 and it refused payment. On March 24th, 1926, defendant-appellant company, in writing, repudiated the policy and denied all liability thereunder. Whereupon this suit was filed on June 24th, 1926. The court below limited or confined the entire issue to the question of the value of the automobile as of December 31st, 1925 (the day of the theft thereof), and told the jury that it could charge interest from the date of the denial by the defendant-appellant of its liability in the premises (March 24th, 1926). The jury returned a verdict of $3,500 as to the value of the automobile and $1,400 interest, in all, $4,900.

Ten grounds of appeal are assigned. Most of them, if not all, are bad in form and all are without merit or substance.

The first ground assigned is as follows:

"1. Because the court denied the motion of the defendant to dismiss the complaint on the ground that the Auto Brokerage Company was not made a party to the action."

At the very beginning of the trial, Mr. Davies, one of the counsel for the defendant-appellant, addressed the court in the manner following:

"If the court please, this policy is made out to the plaintiff and the Auto Brokerage Company, two assureds. The Auto Brokerage Company had an interest in the car and so did Mr. Kleinman. The Auto Brokerage Company has not been joined as a party plaintiff or as a party defendant. I think that before we are compelled to come here and defend the suit that should be done, I do not see how the jury can come in with any kind of a verdict if it should decide to hold the defendant, because the Auto Brokerage Company has the first claim on any verdict that comes out of this theft, for the money that was advanced."

The aforesaid statement does not challenge, but it in fact, admits the status of the plaintiff-respondent as a proper party to the suit. He had an interest (insurable) in the property. The policy contained the following provisions:

"Name of Assured: Auto Brokerage Company, Incorporated, and/or Purchaser Edward Kleinman. Address: 146 Hedden Terrace, Newark, N. J., as their respective interests may appear."

It was not a motion to dismiss or to make the Auto Brokerage Company a party to said suit. If the defendant-appellant really desired to make the Auto Brokerage Company a party there was ample authority on application for so doing. *Pamph. L.* 1912, *p.* 378, § 8.

The fourth ground of appeal is as follows:

"4. Because the court ruled that the only question in the case was the value of the car insured by the defendant."

However, one may characterize the action of the court—be it overruling or striking testimony, or instructing the jury—no reasons were advanced to the court below and none now are presented to us which point out the judicial actions complained of.

In the case of *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402, this court again fully explained the proper procedure in laying grounds of appeal to secure a review of trial errors.

"* * * The rule is thoroughly settled that grounds of appeal, whether in civil or criminal cases at law, should specifically point out the judicial action complained of, and, in the case of rulings on evidence, should state the name of the witness, the questions or answers objected to and ruled upon by the trial judge; in the case of instructions to jury should quote the precise instruction complained of, and, in the case of requests to charge proffered and refused, should embody the actual language of the request and not refer to it by number or other method of citation." *State* v. *Blaine,* 104 *N. J. L.* 325; 140 *Atl. Rep.* 566; *State Highway Commission* v. *Zyk,* 105 *N. J. L.* 156; 144 *Atl. Rep.* 8; *McKenna* v. *Reade,* 105 *N. J. L.* 408; 144 *Atl. Rep.* 812; *Chapin* v.

*Kreps,* 106 *N. J. L.* 424; 147 *Atl. Rep.* 398; *Klein* v. *Shryer,* 106 *N. J. L.* 432; 150 *Atl. Rep.* 321; *Stathos* v. *Bunevich,* 107 *N. J. L.* 269; 153 *Atl. Rep.* 572. See, also, *Vogel* v. *The 295 Halsey Street Co.,* 109 *N. J. L.* 83; 160 *Atl. Rep.* 364; *Abbe* v. *Erie Railroad Co.,* 97 *N. J. L.* 212.

We are of the opinion that the attempt to show by the witness, Arthur Henry, that the plaintiff-respondent carried, contrary to the term of the policy, double insurance, failed and that the court might properly have stricken it. Instead the court said: "I hold that the only question now in the case is the value of the car." In absence of any representation by counsel of any other points he wished the court to consider, we find in this no error injuriously affecting the substantial rights of the defendant-appellant.

The seventh ground of appeal is as follows:

"7. Because the court struck out the testimony of the witness, John J. Donovan."

The action of the court clearly demonstrates that it did not strike all of the testimony of John J. Donovan. The striking was limited. The limitation related to the inspection of the car and the offer to return it to the assured after it was found in July, 1926. The court said: "Therefore, the testimony of John J. Donovan with respect to the return of the car in July and the testimony with respect to the inspection of the car will be struck." We are of the opinion that the striking of the testimony of John J. Donovan, as aforesaid, was proper.

The policy in question contained the following provision:

"Abandonment: It shall be optional with this company to take all or any part of the property at the appraised value where appraisal is had as hereinafter provided, but there can be no abandonment thereof to this company; and where theft is insured against, the company shall have the right to return a stolen automobile or other property with compensation for physical damage, at any time before actual payment hereunder."

The alleged return of the car, the plaintiff-respondent's refusal to accept it or his abandonment thereof was not

pleaded by the defendant-appellant. In the case of *Center Garage Co.* v. *Columbia Insurance Co., 96 N. J. L.* 456 (at *p.* 459), the late Chief Justice Gummere said:

"Clauses contained in policies of insurance which provide that the policy shall be void or the insurer relieved of liability on the happening of some event or the doing of or omission to do some act by the insured are not in any sense conditions precedent. If they are conditions at all, they are conditions subsequent, and constitute matters of defense, which, together with their breach, must be pleaded by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is of course, upon the party pleading it. 4 *Joyce Ins. Ch.* 2190, and cases cited."

The defendant-appellant made its position clear in its letter of March 24th, 1926; it elected its position; it denied liability under the policy. The rights of the plaintiff-respondent became fixed. He brought suit. He did the only thing left for him to do under the circumstances. Plaintiff-respondent's rights could not be impaired by reason of the fact that the automobile was recovered some four months thereafter.

The policy in question also contained the following provisions:

"Notice and proof of loss: In the event of loss or damage the assured shall give forthwith notice thereof in writing to this company; and within sixty (60) days after such loss, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the assured, stating the place, time and cause of the loss or damage, the interest of the assured and of all others in the property, the sound value thereof and the amount of loss or damage thereon; all encumbrances thereon, and all other insurance whether valid or not covering said property; and the assured as often as required, shall exhibit to any person designated by this company all that remains of the property insured and submit to examinations under oath by any person named by this company, and subscribe the same; and as often as required, shall produce for examination all books

of account, bills, invoices and other vouchers or certified copies thereof, if originals be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made.

Payment of loss: This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding, on its part relating to the appraisal, or to any examination herein provided for; and the loss shall in no event become payable until sixty (60) days after the notice, ascertainment, estimate and verified proof of loss herein required have been received by this company, and if appraisal is demanded then not until sixty days after an award has been made by the appraisers."

It is quite clear that the appellant under its policy set a definite period of time, to wit: sixty days after notice, ascertainment, estimate and verified proof of loss, as the limit of time that it could withhold payment. To hold otherwise would permit the insurer to withhold payment indefinitely.

In the case of *O'Connor* v. *Maryland Motor Car Insurance Co.*, 287 *Ill.* 204; 122 *N. E. Rep.* 491, the court held:

"* * * There can be no question that the liability of the company might be affected by the return of the automobile and the giving of the required notice before the expiration of the 60 days; but we are disposed to hold that if, after the notice and satisfactory proof of loss were given, 60 days had expired before the finding and return of the automobile, the policy intended that there might be full recovery, from the company for the value of the automobile, and this without reference to the question of abandonment. As we construe this policy as to loss by theft, the term 'abandonment' as used in the quoted provision, was intended to mean that there could be no voluntary abandonment (using the word in the technical sense) by the owner before the expiration of the 60 days.

\*　　\*　　\*　　\*　　\*　　\*　　\*

This suit was instituted after the lapse of 60 days from the notice and proof of loss, but after the automobile had

been found. Counsel for appellant seem to concede that if the suit had been instituted before the automobile had been found, under the reasoning of the English cases appellee could have recovered for the full amount of the machine; that is, that the date of the starting of the suit fixed the time of recovery for a total loss, if the machine had not been found before that date. Obviously, in order to make an insurance policy of this kind of value to the owner of the property there must be some time fixed after which the return of the automobile will not release the company from liability. Automobiles are so generally used in business affairs and other activities of life that public policy requires that a person having a theft policy should not be compelled to wait indefinitely on the chance of having the stolen automobile recovered or be compelled to incur the expense of buying a new one and thereafter taking the old one back, if recovered. Fairly construed, we think this insurance policy intended to fix the date at 60 days after the notice and satisfactory proof of loss had been received by the company * * * in other words, to fix the date at which the insured would not be compelled to take the stolen car back, even if recovered, at the date, when the insurance moneys was agreed to be paid."

See, also, *Cancilla et al.*, v. *Firemen's Fund Insurance Company of San Francisco, Cal.*, 120 *Atl. Rep.* 824.

We agree with the force of the contention of plaintiff-respondent that the policy would be of little value if the defendant company were permitted, in the first instance, to deny liability under the policy and subsequently to compel the plaintiff to perform the policy, or one of its clauses, by attempting to compel him to accept the return of the automobile after the expiration of the sixty-day period as provided in the policy, and after suit had been started. Such construction would defeat the entire purpose of the policy.

We have examined the other reasons assigned and find that they come within the category first characterized, *i. e.*, they are bad in form and without merit or substance.

The verdict, which we have treated as though it were a final judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.