HAROLD YOUNG, PLAINTIFF-APPELLANT, v. THE NATIONAL BANK OF NEW JERSEY, A CORPORATION ORGANIZED UNDER THE NATIONAL BANKING LAWS OF THE UNITED STATES, DEFENDANT-APPELLEE.

Submitted October 16, 1936—Decided December 9, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the appellant, *Abraham L. Motolinsky* (*Edmund A. Hayes,* of counsel).

For the appellee, *Hicks, Kulthau & Thompson* (*Douglas M. Hicks,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The issue in this cause concerns the tort liability of an owner for an alleged faulty grating in the sidewalk abutting its premises.

Plaintiff sued defendant to recover damages for injuries which he sustained as a result of falling into a hole while walking over an iron grating. Said grating, flush with and part of the sidewalk, covered an airway opening about five feet in depth and three feet in width leading to the cellar of the premises.

The gravamen of the complaint (paragraph 4) is that "said defendant carelessly and negligently permitted and allowed said iron grating and its supporting foundation to become worn, broken, slippery, neglected and out of repair, so that when plaintiff was walking along said street and stepped on said grating, it slipped out of place, broke and gave way, and plaintiff was precipitated into said opening, which was about five feet deep, with great force and violence."

The proofs, in substance, disclose that on August 24th, 1935, and a few minutes before the accident occurred, plaintiff passed the premises, 49 New street, New Brunswick, New Jersey, to get some beer across the street, and while so passing the premises he observed the grating and that it "looked perfectly alright;" that when he returned with the beer and walked over the grating it gave way. In further support of plaintiff's allegations proof was offered as to the condition of the grating. This proof, construed most favorably to the plaintiff, discloses that the grating was "loose;" that "the grating shook, that is, what I would call loose. It was in place and level with the sidewalk;" that it was "loose, slid, that is, it would slide when stepped on;" that there was a "play on the concrete;" and that "the grating was shaky."

There was no proof that the grating was, in its essence

and nature a nuisance; or that the alleged condition of the grating was caused by any wrongful act of the owner, or that it was subjected by the owner to any affirmative wrongdoing or negligent use for other than its intended purpose, or that its construction was faulty or in a defective condition.

Under these circumstances the court granted defendant's motion, at the close of plaintiff's proof, for a directed verdict. That disposition is now challenged.

We desire to mark the fact here, although the point was not raised, that the record discloses neither the return of any verdict by the jury nor the copy of the final judgment from which this appeal is taken. We could, therefore, with propriety stop at this point and dismiss the appeal. *Kleinman* v. *Globe and Rutgers Fire Insurance Co.,* 111 *N. J. L.* 374; 168 *Atl. Rep.* 648.

We have, however, concluded to consider this appeal on the alleged merits. The challenge to the action of the court below is made to rest here, as it was below, on the grounds (1) that under the circumstances exhibited, the grating created a dangerous condition; (2) that if the owner did not have actual knowledge of that condition, it was nevertheless charged with constructive knowledge thereof; (3) that the owner should have eliminated the dangerous condition within a reasonable time after notice of its condition; and (4) that the doctrine of *res ipsa loquitur* applied.

The proofs fail to support the contentions; they are without merit. The apposite law is well settled. "The property owner cannot be made out to be an insurer of the safety of a pedestrian using the sidewalk." *Taggart* v. *Bouldin,* 111 *N. J. L.* 464; 168 *Atl. Rep.* 570 (*Court of Errors and Appeals*). In the case of *Schwartz* v. *Howard Savings Institution,* 117 *N. J. L.* 180; 187 *Atl. Rep.* 171 (*Court of Errors and Appeals*), the court held (at *pp.* 182, 183):

"The duties and liabilities of abutting land owners as to sidewalks have been clearly defined by the courts of this state. An owner is not responsible for defects in the sidewalk caused by the wear and tear of the elements or public use, and not caused by his own wrongful act. *McKeown* v. *King,* 99 *N. J. L.* 251; *Braelow* v. *Klein,* 100 *Id.* 156; *Ford* v. *Jersey*

*Central Power, &c., Co.,* 111 *Id.* 112; *Volke* v. *Otway,* 115 *Id.* 553. An owner is responsible for defects in the sidewalk cauesd by his affirmative wrongdoing or negligent use of such sidewalk for other than its intended purpose. *Davis* v. *Tallon,* 91 *Id.* 618; *Prange* v. *McLaughlin,* 115 *Id.* 116. An owner is also liable for defects in the sidewalk in the nature of a nuisance created by the wrongful or negligent act of a predecessor in title, the nuisance being considered as adopted by the taking of a deed with such defect existent. *Braelow* v. *Klein, supra; Savarese* v. *Fleckenstein,* 111 *Id.* 574; *affirmed,* 114 *Id.* 275." Compare *Wasilewski* v. *McGuire Art Shop,* 117 *N. J. L.* 264; 187 *Atl. Rep.* 530.

In the case of *Arnold* v. *Dlugo,* 110 *N. J. L.* 89; 164 *Atl. Rep.* 320 (*Court of Errors and Appeals*), plaintiff sued for personal injuries as the result of being tripped or thrown by the raising of a cellar door, by a tenant in the premises, while plaintiff was in the act of walking over same. Among the points raised were that the owners of the premises were under an absolute duty for the proper protection of the opening of the sidewalk, and that the doctrine of *res ipsa loquitur* applied. Mr. Justice Case for the court, carefully analyzed the applicable decisions of our courts and held that in the absence of an allegation or proof of faulty construction of the doors, defendants were not liable in the premises, and that there was no occasion for the invocation of the doctrine of *res ipsa loquitur.* Plaintiff's judgment was reversed because the trial court failed to direct a verdict in favor of defendants-owners.

We think that the court below correctly granted defendant's motion for a directed verdict, and that it likewise, under the circumstances, committed no error injuriously affecting the substantial rights of appellant in either the exclusion of the photographs, which were not reproductions of the conditions as of the day of the accident, or in the exclusion of the proffered testimony of witness Salter as to the alleged condition of the grating in 1934 without any offer to connect that proof with the condition of the grating as of the date of the accident.

Judgment affirmed, with costs.