LESTER HABEDANK, MARY HABEDANK AND JOHN THOMPSON, PLAINTIFFS-APPELLANTS, v. ATLANTIC CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Submitted February 13, 1942—Decided April 23, 1942.

For the appellants, *Strong & Strong* (*Stephen V. R. Strong*, of counsel).

For the respondent, *David T. Wilentz*.

The opinion of the court was delivered by

PERSKIE, J.    The sole issue before us in this cause is whether the trial judge erred in granting the respondent's motion for a nonsuit.    We do not think so.

Appellants in 1936 were involved in what appears to have been a serious automobile accident.    Asserting negligence on the part of one Hall, they commenced actions to recover for the injuries sustained in that accident.    After a two day trial of that cause, late in 1937, in which the said Hall was represented by counsel, judgments were recovered by each of the three appellants, the sum of all the judgments being in excess of $23,000.    Appellants issued execution on their respective judgments, each of which execution was returned wholly unsatisfied.    The instant suit was then commenced by appel-

lants against respondent company which had issued its policy of insurance to one Abe Lieberman with whose permission Hall had allegedly driven the automobile involved, in the accident in question.

The policy which was introduced in evidence, is an automobile public liability and property damage policy. Under its terms, the aforementioned Abe Lieberman and those operating the car with his permission were insured against bodily injury and property damage caused or resulting from the ownership, maintenance or use of the automobile. One of the warranties contained in the policy provided that the automobile would be used only for "commercial use," and the policy further specifically provided that it was not to cover any liability of the assured arising out of the use of the automobile for any purpose other than that just specified. The learned trial judge ruled that appellants failed to prove that the automobile was used for a commercial use and, as already stated, granted a nonsuit. Judgment was entered accordingly. The propriety of that judgment is challenged.

If the issue in this case were solely that of proving Hall's permission to operate Lieberman's automobile, we think appellants could be said to have proved a *prima facie* case, a case which the trial judge would have been obliged to submit to the jury. *Cf. Coopersmith* v. *Kalt,* 119 *N. J. L.* 474, 475, 476; 196 *Atl. Rep.* 649. Under the particular policy of insurance before us, however, we think that as a condition precedent to recovery, it was incumbent upon appellants to prove not only permission, but also that the automobile, at the time of the accident was operated for a "commercial use" as specified in the policy. A reading of the policy in its entirety, particularly that portion thereof providing that it did not cover automobiles used for any purpose other than a "commercial use" permits no other conclusion.

Nor, as is contended, did the fact that Hall operated the car with the permission of the assured, relieve appellants from their duty of proving that the automobile was being used for a "commercial use" at the time of the accident. For that was one of the specific conditions of the policy upon which liability was made to depend. It was not a condition subsequent

as for example (*Kleinman* v. *Globe and Rutgers Fire Insurance Co.*, 111 *N. J. L.* 374, 378, *et seq.;* 168 *Atl. Rep.* 648) where the assured refused to accept the return of his stolen car after the time fixed in the policy for the payment of the loss. Here the condition in the policy was that the car be used for "commercial use" is in the nature of a "promissory warranty," a "condition precedent to the right of recovery." *Cf. Kindervater* v. *Motorists Casualty Insurance Co.*, 120 *N. J. L.* 373, 375; 199 *Atl. Rep.* 606. It is a condition which has been likened to an "exception" or "proviso" in the enacting clause of a statute. Under such circumstances, the pleadings and proof must show the facts to be outside the "exception" or "proviso" and within the general clause, but if the "exception" or "proviso" be elsewhere than in the enacting clause that is something to be set up in an answer or plea. *Cf. Bosshardt* v. *Commercial Casualty Insurance Co.*, 124 *N. J. L.* 54, 55; 11 *Atl. Rep.* (*2d*) 49. Had Lieberman been sued and had he sought indemnity from respondent, he would have been obliged to prove that the liability incurred was caused or resulted from the commercial use of the insured truck. The same is true as to Hall and as to appellants whose rights are "purely derivative." *Cf. Kindervater* v. *Motorists Casualty Insurance Co., supra,* 375; *Ambrose* v. *Indemnity Insurance Company of North America,* 124 *N. J. L.* 438, 443; 12 *Atl. Rep.* (*2d*) 693.

Our careful examination of the evidence adduced satisfies us that it did not warrant submission to the jury on the question relating to the commercial use of the insured truck. The only evidence which remotely or conceivably might be said to bear on the question was that offered by a police officer who said that Hall was dressed "in working clothes." From this testimony alone, no jury could reasonably conclude that the truck was being used commercially at the time of the accident. The "scintilla" rule does not obtain in this state. *Schmid* v. *Haines,* 115 *N. J. L.* 271, 278; 178 *Atl. Rep.* 801, 804. The nonsuit was, therefore, proper. *Cf. Pellington* v. *Erie Railroad Co.,* 115 *N. J. L.* 589, 592; 181 *Atl. Rep.* 39.

Accordingly, judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.