ANNA COOLIDGE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 10, 11, 1913. — May 23, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Witness,* Impeachment.   *Evidence,* Admissible for one purpose only, Admissions. *Practice, Civil,* Exceptions.

In an action against a corporation operating a street railway for personal injuries from being struck by a car of the defendant when the plaintiff was crossing a street in front of the car, thinking that she had time to do so if the motorman reduced the speed of the car as she expected him to do, the motorman who was operating the car testified that when he saw the plaintiff he reversed the power and stopped as quickly as he could but not in time to prevent the accident. On his cross-examination he denied that just after the accident he had made any statement inconsistent with his testimony and especially denied that he then said to the conductor, "I thought I slowed up enough to give her time to get by, but I did n't." In rebuttal the plaintiff was asked whether on the morning of the accident she did not hear the motorman while in the street say to the conductor, "I thought I gave her time to get by, but I did n't" or words to that effect. The question was excluded. *Held,* that an exception to the exclusion of the question should be sustained, because the statement of the motorman, although incompetent as an admission, was admissible as tending to impeach his credibility as a witness.

The rule, that an exception to the exclusion of a question to a witness will not be sustained unless the excepting party shows what answer he expected, does not require the statement of an offer of proof where it is plain from the record what the answer was expected to be.

TORT for personal injuries from being struck by a street rail-way car of the defendant while the plaintiff was attempting to cross Centre Street at the corner of Pond Street in that part of Boston called Jamaica Plain at 5.30 o'clock on the morning of March 1, 1910.   Writ dated May 14, 1910.

In the Superior Court the case was tried before *Wait*, J. It ap-peared that the plaintiff, a woman sixty-two years old, was em-ployed as cook in a down town restaurant in Boston and was in the habit of taking the car which passed the corner of Pond Street at about 5.30 o'clock in the morning, the same car by which she was struck, for the purpose of getting to her work in Boston at six o'clock.   The substance of her testimony in regard to the happen-ing of the accident is stated in the opinion, where also is stated cer-tain testimony of the motorman who was operating the car that struck the plaintiff.   The plaintiff excepted to the exclusion of the question, asked her in rebuttal, which is stated in the opinion.

Dr. H. A. Broughton, a witness called by the plaintiff, who is mentioned in the opinion, testified without memoranda that he received a call to the plaintiff's house early on the morning of the accident, and saw her at about nine o'clock that morning.   He then described her condition, and testified that the injury to her left leg was very serious; that she was confined to her bed for three or four weeks and was unable to walk about for seven or eight weeks more.   On cross-examination by the counsel for the defendant, he testified that he kept a card index of cases of any im-portance with the history of each case written thereon; and that he had cards in his possession covering Mrs. Coolidge's case.   At the request of the counsel for the defendant he produced these cards, and in response to a question from the defendant's counsel he read the entries on the cards.   From one of these cards he read that he was called to see Mrs. Coolidge about nine o'clock on the morning of March 1, 1910; that she told him when he first saw her that she had been struck by a car of the defend-ant; that she went out about 5.30 o'clock in the morning and was struck while crossing Centre Street; that she thought she had plenty of time to get over; that immediately after the accident, before the car had started on, she heard the motorman say to the conductor, "I thought I slowed up enough to let her by, but I did n't."   All of the entries on the doctor's cards were read by

him, and there was no motion made to strike out any part of what was read.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*E. H. Ruby,* (*W. B. Flint* with him,) for the plaintiff.

*E. P. Saltonstall,* for the defendant.

HAMMOND, J. There was a collision on a crossing of two public ways between the plaintiff and a car operated by the defendant, and the plaintiff was hurt.

The evidence as to the exact manner in which the accident happened was somewhat conflicting. The plaintiff testified in substance that she was in the daily habit of taking the car at the stopping place near which the accident happened that, seeing the car approaching from a distance and believing that she had time to cross the street if the motorman slowed up or reduced the speed of the car as she expected he would and as it was his duty to do, she made the attempt. There were two tracks, the outward and the inward, and she had crossed the outward and was stepping over the last rail of the inward when she was struck.

The motorman called by the defendant testified in his examination in chief that he had run "this particular trip" for a year; that the plaintiff was a regular passenger and that she generally boarded the car at this stopping place. As to the manner of the accident he testified that "he first saw the plaintiff when about half a car's length from the intown cross walk on which she was crossing; that she was then on the outbound track and was hurrying; that he reversed his car and stopped as quickly as he could but not in time to prevent the accident," and that "the right hand corner of the fender hit the plaintiff." On cross-examination he denied that just after the accident he had made any statement inconsistent with his testimony as to the manner of the accident, and especially denied that he then said to the conductor, "I thought I slowed up enough to give her time to get by, but I did n't."

The plaintiff, called in rebuttal, was asked whether on the morning of the accident she did not hear the motorman while in the street say to the conductor, "I thought I gave her time to get by, but I did n't," or words to that effect. The question was excluded.

It should have been admitted. If the motorman made such a

statement, the plaintiff might fairly argue that it was inconsistent with his testimony, and had a legitimate tendency to impeach the credibility of the witness. It was therefore material. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594, and cases cited.

There was no formal offer to show what the plaintiff expected to prove. It often has been said that exceptions to the exclusion of testimony will not be sustained unless enough appears to show to this court what the testimony was expected to be, and that it was material. But as said by Allen, J., in *Commonwealth* v. *Smith*, 163 Mass. 411, 429: "We are reluctant to apply this rule in cases where we have no real doubt what the party offering the testimony expected to prove, even although it is not distinctly stated." In the present case, in view of the testimony of Dr. Broughton and of the whole record, we can have no doubt what the plaintiff expected to prove.

We see no other error of law in the record, but for reasons above stated the order must be

*Exceptions sustained.*