JAMES BOWEN, APPELLANT-RESPONDENT, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

Decided December 16, 1926.

**Eminent Domain—Appeal From Award—Appellant Relied on Five Grounds—None of the Grounds Disclosed Testimony to Have Been Illegally Admitted—Held, That This Method of Presenting Issues of Law Arising Out of Admission or Rejection of Evidence is Contrary to Well-Settled Rules.**

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, state highway commission, *Mark A. Sullivan.*

For the respondent, James Bowen, *Edward P. Stout.*

PER CURIAM.

This is an appeal from a judgment entered on the verdict of a jury in the Hudson County Circuit Court, in favor of James Bowen against the state highway commission for the sum of $47,000. There was an award made to James Bowen by commissioners in a condemnation proceeding instituted by the state highway commission against the land of the former, and he being dissatisfied with the amount awarded to him by the commission for the taking of his property, appealed to the Hudson County Circuit Court, which appeal, after trial, resulted in the verdict as above stated.

The grounds of appeal relied on by the state highway commission are five in number, and are as follows: 1. The court permitted evidence to be introduced showing the selling prices at different times of property located at or near the corner of Communipaw avenue and Marcy avenue, which property is not substantially similar to the property under considera-

tion. 2. The court permitted evidence to be introduced showing the selling price at different times of property located at or near the corner of Communipaw avenue and Mallory avenue, which property is not substantially similar to the property under condemnation. 3. The court permitted in evidence a lease of property at or near the corner of Communipaw avenue and Marcy avenue and a computation of the value of the property mentioned in such lease, based upon the rentals reserved therein, which property is not substantially similar to the property under condemnation. 4. The court permitted in evidence a comparison of the increase in values between property at the corner of Communipaw avenue and Marcy avenue and property at the corner of Communipaw avenue and Mallory avenue, neither of which properties is substantially similar to the property under condemnation. 5. The court refused to admit in evidence the selling price of property located at the southwest corner of Lincoln Highway and Hackensack river, which property is substantially similar to the property under condemnation.

It is manifest from a reading of these grounds of appeal that in none of them is the error relied on for a reversal of the judgment exhibited to this court, except in a most general and vague manner. There is no allegation in any of the first four grounds of appeal that the testimony introduced was against the objection of the defendant or that it was erroneously admitted. The fifth ground of appeal does not allege that the court erroneously refused to admit the evidence offered by the appellant. These objections might readily be ignored, but for the fact that all of them as set forth are conclusions of law based upon disclosed alleged specific rulings of the trial court on the admission and rejection of testimony. None of the four grounds discloses the testimony alleged to have been illegally admitted, and the fifth does not set forth the testimony illegally rejected. This method of presenting issues of law arising out of the admission or rejection of evidence is contrary to the well-settled legal rule on the subject.

In *Kargman* v. *Carlo*, 85 *N. J. L.* 632, the Court of Errors and Appeals (at *p.* 636), speaking through Mr. Justice Tren-

chard, says: "It is true that by section 25 of the Practice act (*Pamph. L.* 1912, *p.* 382) 'bills of exception and writs of error in civil cases is abolished.' That abolished the old time bills of exceptions which consisted either in writing out the exception and presenting it to the judge to be signed and sealed, or in handing up a stenographic transcript with the stenographic exceptions noted and having that actually signed and sealed. The objection or exception which must now be noted is no longer 'prayed' by counsel. It is not addressed to the discretion of the judge. It is made and should be noted as a matter of right, and the grounds of objection or exception should, be stated as heretofore." And to the same effect is *Miller* v. *Delaware River Transportation Co.*, decided at the same term by the Court of Errors and Appeals (at *p.* 700). The grounds of objection or exception should be stated as heretofore. In *Donnelly* v. *State*, 26 *N. J. L.* 463, Chief Justice Green, speaking for the Supreme Court (at *p.* 512), says: "So, in the assignment, the grounds of error should be specified. The adverse counsel are entitled to know what the exception is, and the court are not required to search for errors not definitely pointed out." To the same effect is *State* v. *MacQueen et al.*, 69 *Id.* 476, 478; *State* v. *Hendrickson*, 95 *Id.* 10, 13. From these cases and the long existing practice which has continued down to the present time it is essential that the ground of appeal should state the name of the witness, the question or answer objected to and ruled upon by the trial judge. And, so, in the case of testimony rejected by the court, such testimony rejected should be set forth in the ground of appeal. The same rule, as applied to exceptions to the judge's charge, in that the portion of the charge excepted to must be set forth in the ground of appeal, and in a case of a refusal to charge a request of counsel, the same course must be followed as to such request, applies with equal force to the admission or rejection of testimony.

For the defects pointed out in the grounds of appeal the appeal is dismissed, with costs.