STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENT, v. JOHN ZYK AND MARY ZYK, APPELLANTS.

Submitted May 26, 1928—Decided November 30, 1928.

For the appellants, *Darling, Barnes & Dowden*.

For the respondent, *Mark Sullivan*.

The opinion of the court was delivered by

KALISCH, J. This is an appeal by the appellants from a judgment of $2,200 entered in the Hudson County Circuit Court upon the verdict of a jury, in their favor, against the state highway commission, in a condemnation proceeding, instituted by the latter, the respondent here.

The record discloses, that commissioners were appointed to fix the value of the land of the appellants and to make an award for damages. The state highway commission being dissatisfied with the award of the commissioners, appealed to the Hudson County Circuit Court, the outcome of which appeal was the verdict as above stated. The appellants, in

turn, being dissatisfied with the verdict of the jury, are appealing to this court.

The respondent urges, that the appeal should be dismissed for the reason that the grounds of appeal do not set forth the particular errors relied on for a reversal of the judgment, under review.

The grounds of appeal relied on by appellants are stated as follows: (1) The Circuit Court admitted over objection of counsel for appellants' testimony establishing the purpose for which the lands of the appellants was acquired. (2) The Circuit Court admitted over objection of counsel for appellants' testimony showing the character of the road to be constructed on the land acquired from appellants. (3) The Circuit Court admitted over objection of counsel for appellants a cross-section of blueprint showing the construction of the road to be constructed on the land acquired from appellants. (4) The Circuit Court admitted over objection of counsel for appellants' testimony explaining the said cross-section blueprint so erroneously admitted. (5) The Circuit Court erred in refusing to strike out the testimony explaining the said cross-section blueprint. (6) The Circuit Court admitted over objection of counsel for appellants' testimony showing the condition of the road at a point far removed from the land acquired from appellants. (7) Circuit Court admitted over objection of counsel for appellants' testimony tending to establish benefits to be derived by appellants from the road to be constructed by respondent. (8) The Circuit Court refused to permit counsel for appellants to cross-examine the respondent's expert witnesses as to their knowledge of property values in the vicinity of the land acquired from appellants. (9) The verdict of the jury is not supported by the evidence offered in this matter.

It is manifest from a reading of these grounds of appeal that none of them points out the particular error which is claimed was made by the trial judge. The grounds of appeal are infected with the same vice as existed in the grounds of appeal set forth in the case of *Bowen* v. *State Highway Commission*, 135 *Atl. Rep.* 340, where the Supreme Court, in commenting upon the grounds of appeal presented in that

case (at *p.* 341), said: "None of the four grounds discloses the testimony alleged to have been illegally admitted, and the fifth does not set forth the testimony illegally rejected. This method of presenting issues of law arising out of the admission or rejection of testimony is contrary to the well settled rule on the subject."

The cases bearing on the subject and there collated are: *Donnelly* v. *State,* 26 *N. J. L.* 463; *State* v. *MacQueen et al.,* 69 *Id.* 476, 522; *Kargman* v. *Carlo,* 85 *Id.* 636; *Miller* v. *Delaware River Transportation Co.,* 85 *Id.* 700; *State* v. *Hendrickson,* 95 *Id.* 10.

In *Bowen* v. *State Highway Commission, supra* (at *p.* 341), the Supreme Court, in dealing with the cases cited, said: "From these cases and the long existing practice which has continued down to the present time, it is essential that the ground of appeal should state the name of the witness, the question or answers objected to and ruled upon by the trial judge. And so in the case of testimony rejected by the court, such testimony rejected should be set forth in the ground of appeal."

The later case of *State* v. *Blaime,* 5 *N. J. Mis. R.* 633; *affirmed,* 104 *N. J. L.* 325, is, in principle, to the same effect.

The view herein expressed apply to the eight grounds of appeal.

The reason underlying the rule of practice as above indicated, is tersely stated in *Donnelly* v. *State, supra,* by Chief Justice Green, who, speaking for the Supreme Court (at *p.* 512), said: "So in the assignment the grounds or errors should be specified. The adverse counsel are entitled to know what the exception is, and the courts are not required to search for errors not definitely pointed out."

The ninth ground of appeal is utterly out of place here. It has for its basis the assertion that the amount awarded by the jury was inadequate. This was a matter which was only, properly, subject to be heard upon a rule to show cause in the court where the case was tried, why the verdict should not be set aside upon the ground of inadequacy of the damages awarded, and is not the subject of an appeal.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.