FRANK G. CARLISLE, PLAINTIFF-RESPONDENT, v. DORO-
THY K. WINANT, EXECUTRIX OF THE ESTATE OF
WILHELMINA BERGE, DECEASED, DEFENDANT-AP-
PELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the plaintiff-respondent, *Ryman Herr*.

For the defendant-appellant, *Harvey F. Winant*.

The opinion of the court was delivered by

WELLS, J.   This is an appeal from a judgment entered in
the Supreme Court after a trial at the Hunterdon Circuit, in
which the trial judge directed a verdict for the plaintiff for
$412.24, with interest from August, 1930.

The plaintiff, who resided at Flemington, New Jersey, was
engaged in the plumbing and heating business and brought
a suit against Dorothy K. Winant, executrix of the estate of
Wilhelmina Berge, deceased, claiming that during the lifetime
of Wilhelmina Berge he furnished her with certain material
and performed certain work in the installation of a heating
plant, water and sewer system in a farm house owned by her,
for which she promised to pay him $618.05, and that she paid
$205.81 on account, leaving a balance due at the time of her

death of $412.24, and that he duly presented a sworn claim to the defendant, as executrix of the estate, but that she did not pay the same.

The facts indicate that Mrs. Berge and one George H. Bryant were running the farm on shares and that at a term of court previous to the trial of the case, the attorney of appellant had made a motion to have Bryant added as a party defendant on the ground that there was a partnership between him and Mrs. Berge. The question was again brought up at the outset of the trial before the jury was impaneled and sworn. There was a long colloquy · in which counsel and court participated, in the course of which the attorney of plaintiff said he was willing to join Bryant as a party defendant; that Bryant was a client of his and had acknowledged service of the summons and complaint, as of a previous date, and would file no answer and make no defense. This was objected to by the attorney of appellant, and the judge did not approve of bringing Bryant in under those circumstances, so the plaintiff elected to proceed against the appellant alone.

Bryant was used by the plaintiff as a witness and testified that he and Mrs. Berge were farming the farm on shares; that Mrs. Berge asked the plaintiff to give her an estimate for the work and that upon the estimate being given, she said it was satisfactory and ordered the plaintiff to do the work and promised to pay him for it; that the work was done as per the estimate. He admitted that the work done benefited him to a certain extent, but claimed that the chief benefit inured to Mrs. Berge, in that the work done was in the nature of permanent improvements to her property and asserted that the bill was her bill and not that of the partnership.

The plaintiff proved by several witnesses that upon the settlement of the partnership affairs, Mrs. Winant, the executrix, was going over a lot of bills presented after Mrs. Berge's death, and when the plaintiff's bill was presented she stated that this bill had nothing to do with the partnership; that Bryant had nothing to do with the bill; that it was Mrs. Berge's personal bill and that she would send a check for it

as soon as she got back to Harrison. Later she told a constable, who called upon her and presented to her a copy of the bill, that she knew about the bill and in a couple of days would take care of it and would be over with a check.

The plaintiff testified to the doing of the work, the reasonableness of the price (which was not in dispute), and to refresh his memory as to the items of the account, used a running day book made up by his wife under his direct supervision from his own slips.

He was asked by his attorney, if by refreshing his memory with the memorandum he could tell what work he did at the Berge house and upon answering in the affirmative, was told to proceed, whereupon the attorney of the appellant said:

"Just a moment. At this time I enter an objection. If this work involved any transaction with the decedent I object to it, under the Compiled Statutes of New Jersey, volume 2, page 2218, paragraph 4, which provides that in all civil actions any party thereto may be sworn and examined as a witness, notwithstanding that any party thereto may be sued or sue in a representative capacity, provided this section shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator or intestate represented in such action, unless the representative offers himself as a witness on his own behalf to testify to any transactions with or statement by his testator.

"Upon those grounds, if this leads into any transaction with the decedent, I submit, if your honor please, that it is objectionable."

After a short colloquy as to plaintiff's bookkeeping system, the court asked this question of appellant's attorney:

"You are not objecting to the book; you are objecting on the ground of transactions with the decedent by the plaintiff to the suit?" and the answer was "yes, sir."

The attorney of the plaintiff asked plaintiff this question: "Now can you tell us what actual work you did on the place?"

Defendant's attorney objected to this question and after a short discussion, the court said:

"He may testify to the extent of showing what was actually installed on the place."

No objection was made nor exception taken to this ruling. Later, without objection, the plaintiff testified that the work, upon which there was due a balance of $412.24, was performed on the place, and that the charges therefor were reasonable.

There was no testimony tending to show that Mrs. Berge was present when the work was done or the materials furnished.

Appellant's counsel argues in his brief that the plaintiff's testimony as to the work done and materials furnished was incompetent.

The answer to this is that even if it were, no exceptions having been taken to the rulings of the trial court admitting the plaintiff's testimony, the question of the competency thereof is not properly before us.

Upon the conclusion of plaintiff's case there was a motion to nonsuit which the court denied, to which no exception was taken.

The defendant offered no evidence and rested her case, whereupon the attorney for the plaintiff moved for a directed verdict, which motion was granted by the court, and an exception taken by the appellant.

The grounds of appeal upon which the appellant relies are:

First. "The court below erred in permitting George H. Bryant, over objection, to testify, on behalf of the plaintiff-appellee, as to the conversations between the plaintiff-appellee and Wilhelmina Berge, defendant-appellant's decedent."

Second. "The court below erred in permitting the said George H. Bryant, over objection, to testify on behalf of the plaintiff-appellee, that the said Wilhelmina Berge, defendant-appellant's decedent, in the presence of the said George H. Bryant and the plaintiff-appellee, ordered the said plaintiff-appellee to do plumbing work and install plumbing fixtures."

Third. "The court below erred in directing a verdict in favor of the plaintiff-appellee and against the defendant-appellant."

It is manifest, upon reading these grounds of appeal, that the first two do not point out the particular error which is claimed was made by the trial judge. Neither of them discloses the testimony alleged to have been illegally admitted.

"Grounds of appeal should state the name of the witness, the questions or answers objected to and ruled upon by the trial judge." *State Highway Commission of the State of New Jersey* v. *Zyk*, 105 *N. J. L.* 156; *Bowen* v. *State Highway Commission*, 5 *N. J. Mis. R.* 10; 135 *Atl. Rep.* 340 (not officially reported); *Winfield* v. *Saunders*, 105 *N. J. L.* 580.

The reason underlying the rule of practice is that the adverse counsel are entitled to know what the exception is, and the courts are not required to search for errors not definitely pointed out.

Appellant's objection to the admission of Bryant's testimony as to statements made by Mrs. Berge and transactions between her and the plaintiff was that the testimony showed that Bryant was a partner of Mrs. Berge and therefore a party in interest, although not a party defendant, and as such, disqualified under section 4 of the Evidence act. The answer to that is that the testimony did not show any partnership between them as to the subject-matter of the suit.

Had the grounds of appeal been sufficiently specific to give appellant the right to have the competency of Bryant's testimony reviewed by this court, it would have availed her nothing, as we are of the opinion that his testimony was competent.

The third and last ground of appeal, namely, that the court erred in directing a verdict for the plaintiff, is based upon the elimination from the evidence of the testimony of Bryant—and appellant proceeds to argue the case as though Bryant's testimony were out of the case and without it, insists that plaintiff failed to make out a *prima facie* case.

It is not necessary to decide this question—Bryant's testimony is in the case and this testimony, supplemented by that of the plaintiff and other witnesses, clearly showed that the testatrix ordered the work done; that it was done by the plaintiff; that there was no dispute as to the items in the account; that testatrix promised to pay for the work; that

the bill was not paid in full at the time of her death; that subsequently her representative, the appellant, admitted that the bill was owing by the testatrix and was not a claim against the partnership, and promised plaintiff to pay it, but never did.

It was said by this court in *Polhemus* v. *Prudential Realty Corp.*, 74 *N. J. L.* 570; 67 *Atl. Rep.* 303:

"When a plaintiff has fulfilled the burden of proof laid upon him, and no facts in evidence show that the plaintiff's testimony cannot be true, the court is warranted in directing a verdict in his favor. This may be simply putting in another form the rule that, when no other verdict would be supported by the evidence, a direction is not erroneous."

The legal principles thus declared are applicable to the instant case, and we are of the opinion that the trial court was, on the uncontradicted testimony produced by the plaintiff, warranted in directing a verdict in his favor.

The judgment should therefore be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.