MAX BRODSKY, PLAINTIFF-RESPONDENT, v. RED RAVEN
RUBBER COMPANY, A NEW JERSEY CORPORATION,
AND WILLIAM OWEN, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *T. Harry Rowland.*

For the respondent, *Martin J. Greenblatt.*

The opinion of the court was delivered by

WELLS, J.   This is defendants' appeal from a judgment
entered upon the verdict of a jury in favor of the plaintiff at
the Salem Circuit.

It was an accident case arising out of a collision at a street
intersection in the city of Newark, between plaintiff's auto-
mobile and the automobile owned by the defendant, Red
Raven Rubber Company, and operated by the defendant
William Owen.

The plaintiff brought the suit to recover damages to his automobile and merchandise contained therein and damages for injuries to his person, and the expenses incident thereto, as a result of the collision.

The jury rendered a verdict of $1,800 in favor of the plaintiff; whereupon a rule to show cause why the verdict should not be set aside and a new trial granted was allowed to the defendants and argued before the trial court, who considered the application and discharged the rule.

The appellants originally filed a paper entitled "Notice of Appeal and Grounds," setting forth two grounds of appeal, to wit:

1. Because the court erred in the charge to the jury, the same being contrary to law.

2. Because the court erred in the admission and rejection of evidence.

Subsequently the appellants filed another paper entitled "Additional Grounds for Appeal," as follows:

1. Because the court erred in the admission and rejection of evidence over defendants' objections, and in its denial of defendants' motion for a directed verdict of nonsuit at the close of plaintiff's case, and erred in the charge to the jury, the same being contrary to law, as follows:

(a) The court permitted the plaintiff's hospital bill, medical and surgical expenses to be improperly proven.

(b) The court permitted the introduction of improper evidence to prove plaintiff's property damage.

(c) The court erred in denying defendants a directed verdict of nonsuit on the question of damage to the automobile, and the other item of property damage.

(d) The court erred in denying defendants' motion for a directed verdict of nonsuit on the ground that the negligence of the defendant as the proximate cause of the accident, had not been legally proven, and that the contributory negligence of the plaintiff had been established.

(e) The court erred in its charge to the jury, in that the jury was charged that it had a right to consider the doctor's

expenses incurred in Newark, there having been no legal proof of the same.

We shall briefly consider these grounds of appeal in the order above set forth:

Grounds of appeal Nos. 1 and 2, *supra,* of "Notice of Appeal and Grounds," and ground No. 1 of "Additional Grounds of Appeal" (except that part alleging error in denial of defendants' motion to nonsuit) and ground (e) all pertain (1) either to the alleged errors in the charge of the court, or (2) to alleged errors in the admission and rejection of evidence. As to the first, it is sufficient to say that no exceptions were taken to the charge of the court, and as to the second, the grounds of appeal fail to comply with the rule repeatedly stated by this court that a ground of appeal should state the name of the witness, the question or answer objected to, and ruled upon by the trial judge. *Carlisle* v. *Winant,* 110 *N. J. L.* 333; 164 *Atl. Rep.* 297. And the grounds of appeal are clearly insufficient also in not pointing out the particular error claimed to have been made. *State Highway Commission* v. *Zyk,* 105 *N. J. L.* 156 ; 144 *Atl. Rep.* 8.

Ground of appeal (a), *supra,* has to do with the propriety of the evidence offered to prove the hospital bill and the doctor's bill. Appellants say they were not properly proved.

The plaintiff testified, without objection, that he had spent eighteen days in the hospital, and described the treatment he received, and was permitted by the court over objection to state the amount of the bill ($126) rendered by the hospital. Plaintiff further testified, without objection, that he had been visited by Dr. Singer eighteen times, and when asked if he knew the amount of the bill of Dr. Singer, counsel for appellants said, "I object. That is improper proof." The question was not then answered, but was later propounded and objected to as being irrelevant and immaterial.

The objection was overruled (and we think properly) and plaintiff permitted to testify that Dr. Singer charged $3 per visit and that his bill was $54. The court refused to permit the doctor's bill or the hospital bill and records to be introduced in evidence.

We find no impropriety in the court's rulings as to the admission of testimony concerning the doctor's bill and hospital bill.

Under ground of appeal (b), *supra,* appellants argue that the plaintiff was erroneously permitted to introduce improper evidence to prove loss of business.

An examination of the testimony discloses the fact that each and every objection made by counsel for the appellants as to the loss of business, was sustained by the court, that the only testimony bearing on this question was admitted without any objection being made.

Under ground of appeal (c), *supra,* appellants, argue that it was reversible error for the court to deny appellants' motion for a nonsuit because (1) there was no claim made in the pleadings for damages to the automobile, and (2) because the plaintiff was permitted to make improper proof of the measure of damages.

In paragraph 4 of the complaint, it is alleged that the defendants negligently operated said automobile and that as a direct and proximate cause of said negligence they caused said automobile to run into the automobile of plaintiff, "pushing, shoving and overturning the automobile of the plaintiff damaging the same," &c.

After specifying the various acts of negligence alleged to have been committed by the defendants and describing the personal injuries suffered by the plaintiff, the complaint ends as follows: "Plaintiff demands damages in the sum of ten thousand ($10,000) dollars."

We think the allegations of the complaint were sufficient.

As to the propriety of the proof of damages arising out of injury to the automobile, the record discloses that the attorney of the appellants entered a general objection to any testimony being admitted, tending to show damages to the automobile on the ground that such damages were not within the *pleadings.*

The plaintiff testified without objection when he bought the car, what he paid for it, what its condition was immediately before and after the accident, and testified over ob-

jection what it was worth before the accident, and that its salvage value after the accident was the sum he received for it.

The only objection to the testimony was that it was irrelevant and immaterial. We think it was both relevant and material.

Assuming, without deciding, that it was incompetent as opinion evidence from a witness not qualified, no such objection was made and appellants cannot raise that point here.

Ground of appeal (d), *supra,* was not argued on appellants' brief and we, therefore, assume that it is abandoned.

We find no merit in any of the points raised on this appeal and are of the opinion that the judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.