GUSSIE SANDERS, PLAINTIFF-APPELLEE, v. HUDSON AND
MANHATTAN RAILROAD COMPANY, A CORPORATION
OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 19, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt*, of counsel).

For the appellee, *Morris Edelstein* (*Samuel Cooper*, of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Plaintiff sued to recover for personal injuries sustained while a passenger in one of defendant's trains operating between New York City and Journal Square station at Jersey City, New Jersey.   When the train stopped at the Journal Square station plaintiff walked to a regular door provided for the entrance and exit of passengers.   The door opened "about a foot" and then remained open for about "a second or two."   The door apparently stuck, and desiring to make her exit plaintiff pushed the door open wider "when all of a sudden" the door "slammed back" and injured her "right hand across the knuckles" inflicting injuries for which she sought damages by this suit.

Although plaintiff testified that immediately after the accident she told the trainman "you slammed the door on my hand," and the trainman replied, "I am sorry," the defendant, without denying or admitting the plaintiff's presence on the train, denied that she or anyone else made any such complaint.   The testimony of defendant's physician, however, corroborated plaintiff's injuries to her hand.   There was ample proof before the trial judge, as the trier of the facts, to support his findings that defendant was negligent and that plaintiff was free from contributory negligence or from assumption of risk.   The trial judge was, therefore, correct in denying defendant's motions to nonsuit and to direct a verdict.   *Cf. Tarnow* v. *Hudson and Manhattan Railroad Co.*, 120 *N. J. L.* 505, 1A-2d, 73.

Defendant next argues that the court erred in permitting plaintiff to testify as to the amount paid by her for medical attention.   The error charged is that there was no proof to

support the necessity of treatment or fairness of the charges made. *Peterson* v. *Zaremba,* 110 *N. J. L.* 529; 166 *Atl. Rep.* 527. But that case is without application; it is clearly distinguishable. There bills alone were offered in evidence for nursing and medical expenditures. And the court held—in the absence of the "slightest proof of the necessity or fairness of these bills"—that they "did not prove themselves" and were, therefore, "improperly admitted." Not so here. Plaintiff properly and in the orderly course of submitting her proof testified to the fact that she was treated by her family physician. She described the treatment, the number of visits and the amount of the bill incurred. Such proof was held to be proper and competent in *Brodsky* v. *Red Raven Rubber Co. (Court of Errors and Appeals),* 111 *N. J. L.* 453, 455; 168 *Atl. Rep.* 440, 441. But even if it be assumed that the safer or better practice is to produce supplemental proof as to the necessity and reasonableness of the doctor's services and charges, defendant is not, under the proofs of the case at bar, in a position to challenge plaintiff's failure to supply such proofs. For as pointed out by Mr. Justice Parker for the Court of Errors and Appeals in *Keber* v. *American Stores Co.,* 116 *N. J. L.* 437; 184 *Atl. Rep.* 795 (at *p.* 440):

"* * * The ordinary practice is. of course, that where there is testimony which is incompetent, unless supplemented by other testimony, the trial court is entitled to assume for the time being that the supplementary testimony will be produced before the party closes his case; and hence error cannot be predicated upon the refusing to strike out the testimony before such supplemental testimony is either furnished or the case is closed without it. * * *"

Here defendant did not move at the end of plaintiff's case, or at any time, to strike her testimony as incomplete although it did object and except to the admission of plaintiff's proof. Defendant is not entitled, therefore, to allege error on that score. *Keber* v. *American Stores Co., supra.*

Judgment is affirmed, with costs.