46 N.J. Super. 557 (1957)
135 A.2d 239
ROSE FARBER, PLAINTIFF-APPELLANT,
v.
MARTHA MARGOLIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1957.
Decided October 7, 1957.
*559 Before Judges CLAPP, JAYNE and HUGHES.
*560 Mr. Bernard Chazen argued the cause for plaintiff-appellant (Mr. Joseph A. Lipman, attorney; Messrs. Nathan Baker and Bernard Chazen, of counsel).
Mr. Edward DeSevo argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiff brought this action to recover damages sustained by her as a result of a fall on a public sidewalk located upon defendant's property. The trial court dismissed the action with prejudice at the conclusion of the presentation of plaintiff's case. She appeals, claiming that the court erred in excluding certain testimony she sought to adduce as to repairs in the sidewalk. Also, it might be noted, she endeavors to preserve her right to challenge the rulings of the trial court based upon Moskowitz v. Herman, 16 N.J. 223 (1954), should this case come before the Supreme Court, or should Moskowitz be overruled.
The first matter to be resolved is whether the question as to repairs in the sidewalk was within the scope of the issues framed by the pretrial order. The trial court held it was not and upon that basis refused to take the testimony referred to. As stated in that order (and also in the complaint), plaintiff claimed that defendant had "created" a "condition" in the sidewalk, that is, inter alia, a hole therein. One may create a hole in a sidewalk in various ways, as for example, by breaking through the sidewalk with some implement, or by employing improper materials or methods when constructing the sidewalk, with the result that in the course of time a hole is formed therein, or by improperly repairing the sidewalk with a like result, or by other means. Unfortunately, the matter is in no way fastened down by the terms of the pretrial order. It does appear in the order that plaintiff charges defendant with having "failed to make proper repairs." However, by charging defendant with not making proper repairs, the clause *561 has somewhat the effect of a negative pregnant. It may be taken to signify with equivocality: either nonaction on defendant's part, viz., a failure to make any repairs; or improper action, viz., a making of repairs, but a failure to do so in an appropriate manner. Loose terms in a pretrial order, enabling a party to roam at will at the trial, are plainly violative of the high purposes of our pretrial conference practice. Lertch v. McLean, 18 N.J. 68, 72 (1955); Van Corp. v. Mayor and Council of Borough of Ridgefield, 41 N.J. Super. 74, 80 (App. Div. 1956).
However, the question here to be decided is whether the remedy for an ambiguity in the pretrial order is to dismiss the action with prejudice. Defendant's attorney does not claim to have been taken by surprise at the trial; indeed, he expressly disclaimed that, in the course of a colloquy with the court below. Nor can he claim that the plaintiff was attempting to try issues lying beyond the boundaries of the case posted by the pretrial order, Lertch v. McLean, supra; here the dereliction lay in a failure to post those boundaries definitively. We do not condone the indefiniteness of the language employed in the order, but we think that under the circumstances it did not warrant so severe a penalty as that visited upon the plaintiff here.
Defendant argues next that even if the question as to repairs lay within the issues projected by the pretrial order, nevertheless we cannot review the action of the trial court in excluding testimony on that question, since the plaintiff made no offer of proof below as to what she expected to establish as to the matter. The general rule is that a judgment will not be reversed because of the exclusion of evidence unless the proponent makes known to the trial court the substance of the evidence thus excluded. Otherwise, notwithstanding the propriety of the question, an appellate court has no means of determining whether the appellant has suffered any harm as a result of the rejection of the testimony. It is usually supposed that this rule was introduced into our law by the Appellate Division  though there has never been any extended discussion by this *562 court as to the merits of the rule. Steffler v. Schroeder, 12 N.J. Super. 243, 248 (App. Div. 1951); Gibson v. Pennsylvania Railroad Co., 14 N.J. Super. 425, 434 (App. Div. 1951); State v. Hogan, 20 N.J. Super. 1, 9 (App. Div. 1952); New Jersey Highway Authority v. Rudd, 36 N.J. Super. 1, 5 (App. Div. 1955); State v. Gambutti, 36 N.J. Super. 219, 233 (App. Div. 1955); State v. Micci, 46 N.J. Super. 454 (App. Div. 1957). However, it may be that a similar procedure once obtained with respect to grounds of appeal, formerly employed, which, in case of an exception to the exclusion of testimony, had to contain the "rejected testimony." Bowen v. State Highway Commission of N.J., 5 N.J. Misc. 10 (Sup. Ct. 1926); State Highway Commission v. Zyk, 105 N.J.L. 156 (E. & A. 1928); cf. Chapin v. Kreps, 106 N.J.L. 424 (E. & A. 1929); Cetofonte v. Camden Coke Co., 78 N.J.L. 662, 667 (E. & A. 1910). Note, too, the former practice on bills of exceptions, calling for a statement of the "testimony offered." Honeyman, New Jersey Law Forms (2d ed. 1929), 354; cf. Jeffery, New Jersey Law Precedents, 225 (1892); Besson, New Jersey Law Precedents, 211 (1875). The Appellate Division cases cite R.R. 4:44-3 (State v. Gambutti, supra, cites this civil rule by way of analogy), which was designed to enable a party to make an offer of proof and thus establish prejudice in case of an appeal (see 5 Moore, Federal Practice (2d ed.), § 43.11)  though the rule does not in terms impose any duty on a party to make such an offer.
There are a host of cases in other states in accord with the rule stated. 1 Wigmore, Evidence (3d ed.), 358-360; 4A C.J.S. Appeal and Error § 291, p. 895; 3 Am. Jur. 97; cf. Comment, 2 Stan. L. Rev. 393 (1949); Note, 22 Tulane L. Rev. 516 (1948). However, some authorities take a different view. See e.g., Buckstaff v. Russell & Co., 151 U.S. 626, 636, 14 S.Ct. 448, 38 L.Ed. 292, 296 (1894) (criticized, 1 Wigmore, supra, 359); Creighton v. Elgin, 387 Ill. 592, 56 N.E.2d 825, 831, 162 A.L.R. 883 (Sup. Ct. 1944). Among the arguments advanced in opposition to the rule are these: it is time-consuming, and impairs *563 the coherence of a trial, to excuse a jury repeatedly in any one case in order to take offers of proof under R.R. 4:44-3, and on the other hand to have counsel whispering at the reporter's desk out of the jury's hearing is quite unsatisfactory too (for other ways of making an offer of proof, see Ladd, "The Need in Iowa of An Offer of Excluded Testimony For Appeal," 18 Iowa L. Rev. 304, 318 (1933); Blume, "Problems of Preserving Excluded Evidence in the Appellate Record," 13 Minn. L. Rev. 169 (1929)); moreover, an appellate court will not receive sufficient assurance as to what witnesses will testify to, where the offer of proof consists merely of the anticipations, in that regard, of the attorney (who is always sanguine as to his client's case); and in any event, the attorney would not have asked the question, had he not expected a favorable answer, and hence it might as well be presumed that the exclusion of any testimony sought through a relevant question has been prejudicial. We question whether an appellate court can adopt such a presumption in many cases. In any event, despite the above-stated objections the better view seems to be that on the whole the rule serves practicably to promote justice on an appeal, and it has therefore been sustained in the Model Code of Evidence, Rule 7; Uniform Rules of Evidence, Rule 5; 1 Morgan, Basic Problems of Evidence, 51 (1954); 1 Wigmore, supra, 357; McCormick, Evidence, § 51 (1955). We may note in passing (though we need not decide the point, since it is not involved here) that it has been said that the rule is inapplicable where the excluded evidence is sought to be elicited on cross-examination or from any hostile witness. See e.g., Stevens v. William S. Howe Co., 275 Mass. 398, 176 N.E. 208, 210 (Sup. Jud. Ct. 1931); cf. Model Code of Evidence, Rule 7, and comment; but see Gibson v. Pennsylvania Railroad Co., 14 N.J. Super. 425, 434 (App. Div. 1951); State v. Poolos, 241 N.C. 382, 85 S.E.2d 342 (Sup. Ct. 1955); cf. State v. Hogan, 20 N.J. Super. 1, 9 (App. Div. 1952). In general, see 4A C.J.S. Appeal and Error § 291, p. 901.
*564 The rule above-stated is a corollary of the general doctrine which casts upon the appellant the burden of showing that the trial court appeared to have committed a substantial injustice. R.R. 1:5-3(b); cf. Meszaros v. Gransamer, 23 N.J. 179, 184 et seq. (1957). Or, as the doctrine is sometimes stated, the burden is placed upon the appellant of establishing that the error below probably had a substantial influence on the judgment. This (however it is stated) represents a middle course between on the one hand a standard requiring an appellant to show merely a possibility of prejudice and, on the other hand, one requiring him to show a certainty of prejudice. Maccia v. Tynes, 39 N.J. Super. 1, 11, 12 (App. Div. 1956).
The rule we are discussing, with respect to an offer of proof, is generally intended to be of aid, not to the trial court (the proof is not offered under R.R. 4:44-3 until it has ruled adversely), but to the appellate court in dealing with the matter of prejudice. In the present case, on the oral argument before us, we (expressly reserving judgment as to the propriety of our so doing on the appeal) asked appellant's counsel then to make an offer of proof as to what was to have been proved with respect to the improper repairs, from the witnesses in court at the time of the trial. Under the usual practice, we seek the attorney's offer of proof at the trial, as he sees the case at that posture, and not after second thoughts coming to him by the time he reaches the appellate court. Still, there may be cases where in the interests of avoiding a plain injustice we may (if need be, invoking our original jurisdiction) take an offer of proof on the appeal. In this case, however, after examining the original typewritten transcript of the proceedings at the trial, we find it unnecessary to consider the propriety of such a practice.
Clearly, the rule requiring a formal offer of proof has no application where it appears from some colloquy of counsel below, or from evidence ordered to be stricken from the record, what testimony was in fact proposed to be adduced. Here, in the course of a long colloquy between *565 counsel and the court at the time of the objection to the testimony, defendant's attorney said, "Now * * * they [the plaintiff] allege * * * that we [defendant] improperly repaired. I assume that is what the question was directed at this lady for * * *." At another point in the colloquy he said: "I notice the construction man in court, and I had a letter that they [the plaintiff] were going to use him." Again he said this: "Now to come in and say `* * * you made repairs and made them negligently' is an entire new cause of action." Without stopping to review other passages in this colloquy, we may say that plaintiff's attorney seems to have premised his argument on a proposal to present proof to this effect. The witness, whose testimony was objected to, later testified (though the testimony was stricken) that the sidewalk "had been repaired at different times." The very picture of the sidewalk, which was put in evidence, also indicates repairs thereof through concrete patchwork. We think it satisfactorily appears from the record below that probably plaintiff proposed to establish from one witness that defendant had repaired the sidewalk, and from another witness, the "construction man," that these repairs were improper (as indeed was declared in the offer of proof made by counsel before us). It is said that an appellate court should not require a formal offer of proof where it has "no real doubt" as to what the party offering the testimony expected to prove, even though the matter is not distinctly stated. Coolidge v. Boston Elevated Ry., 214 Mass. 568, 102 N.E. 74, 75 (Sup. Jud. Ct. 1913). But we would not ask to be satisfied beyond a doubt; adhering to our rule calling for an appearance or probability of prejudice (as distinguished from a certainty or mere possibility of it), we would rely on the probabilities indicated by the record as to what was to be proved below.
The remaining question in the case is raised by defendant's argument that there was no proof of a causal connection between the alleged condition of the sidewalk and plaintiff's fall. However plaintiff testified: "All of a sudden I felt my foot going into this hole and before I *566 knew it I was down on my left side." The hole was later identified on a picture of the sidewalk, that was put in evidence. There is no merit to the point.
Reversed and new trial ordered.