JENNIE L. ARCHIBALD *vs.* CHARLES F. CROCKER.

Middlesex.    December 3, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Witness,* Impeachment.    *Evidence,* To impeach witness.

Where, at the trial of an action for personal injuries alleged to have been received when the plaintiff was struck by a motor vehicle negligently driven by an employee of the defendant, the defendant denies that the vehicle struck the plaintiff and his employee so testifies, the plaintiff should be allowed to introduce, to impeach the testimony of the employee, evidence tending to show that after the accident the plaintiff said to the employee, "Why did you do it?" and he said, "Well, I didn't mean to."

TORT for personal injuries alleged to have been received when the plaintiff, while on a sidewalk, was run into by a motor truck owned by the defendant and driven by his employee. Writ dated October 11, 1920.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence and the only exception saved by the plaintiff are described in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*F. G. Bauer,* for the plaintiff.

*R. Gallagher,* (*J. G. Hardney* with him,) for the defendant.

PIERCE, J.    This is an action of tort to recover damages
for personal injuries suffered by the plaintiff, while travelling
upon a public highway near a railroad gate crossing, through
the alleged negligence of the defendant's chauffeur.

The evidence for the plaintiff warranted a finding that,
travelling northerly on the westerly sidewalk of a public
street in Somerville, she arrived at a railroad grade crossing
where there are the typical crossing gates and also a gate
tender; that there are inward and outward bound tracks at
this location; that she had crossed the last track and was in
the space between the last rail and the gates; that she waited
in this space, which was seven or eight feet wide, until the
gates were fully down; that a train was approaching from
Boston and was close to her.

The plaintiff testified, and the jury would be warranted
in finding, in substance, that as she stooped to the left to
go under the gate she either fell or was struck on her right
side by a Ford truck of the defendant and pushed down;
that she was in the middle of the sidewalk and the truck
was driven upon the sidewalk and struck her.    Her testi-
mony that she was struck by the truck of the defendant was
corroborated by a witness who testified in her behalf.    It
was admitted at the trial that the truck was being operated
by the defendant's chauffeur who was then and there engaged
in the defendant's business; and there was evidence that
the plaintiff was in the exercise of due care and that the driver
of the truck was negligent.

The defendant called a policeman and the chauffeur,
each of whom testified that the plaintiff was not struck by
the truck of the defendant.    To rebut this testimony the
plaintiff introduced the official report of the policeman made
on the evening of the accident, which, in part, was as follows:
"December 23, 1919, at 4:15 P.M.    The above date a Ford
Car light delivery truck owned by C. F. Crocker of West
Somerville and operated by Edward L. Murray of 16 Whit-
man Street, West Somerville, knocked a woman down at
the junction of College Avenue and Davis Square.    The
railroad gates were just being lowered down at the time of
the accident and the driver in order not to crash through the

gates turned sharply to the right and struck the woman who was walking on the sidewalk." To rebut the testimony of the chauffeur the plaintiff offered evidence that immediately after the accident the plaintiff said to the chauffeur, "Why did you do it?" and he said, "Well, I didn't mean to." This evidence was excluded on the defendant's objection, and the exception saved to the ruling by the plaintiff is the only question presented for determination by the bill of exceptions.

The reply of the chauffeur to the question of the plaintiff, if made, could have been found in significance equivalent to, "Yes, I did strike you, but it was purely accidental." If the words of reply be capable of such, or of a similar, interpretation of the chauffeur's meaning, the plaintiff might fairly argue that they were inconsistent with his testimony, and had a legitimate tendency to impeach his testimony. The evidence was material, and the exclusion was a substantial error. *Coolidge* v. *Boston Elevated Railway,* 214 Mass. 568.

*Exceptions sustained.*