OLIVE BRUNEAU *vs.* CHARLES BAILEY & another.

Bristol.     October 23, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Competency. *Practice, Civil,* Continuance, Common Law Rule 24 of the Superior Court (1923). *Witness.*

A party to an action in order for trial, who, to avoid a continuance sought by the other side on the ground that a material witness was ill in a hospital, agreed that the witness, if present, would testify in accordance with an affidavit presented by the other side under Common Law Rule 24 of the Superior Court (1923), nevertheless may show that the statements made in such affidavit are contrary to the facts,

and may introduce evidence of statements by the absent witness, made after as well as before the affidavit was filed, which tend to disprove the statements contained in the affidavit.

TORT for personal injuries. Writ dated September 27, 1923.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence and exceptions by the plaintiff are stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*D. R. Radovsky*, (*H. W. Radovsky* with him,) for the plaintiff.

*R. A. Bogle*, (*H. S. R. Buffinton* with him,) for the defendants.

CROSBY, J. This is an action of tort for personal injuries received on September 1, 1923.

There was evidence tending to show that when the plaintiff was on the sidewalk at the northeast corner of Middle Street and Ridge Street, in Fall River, the defendants' truck and an automobile owned by one Gardner collided, and the automobile came upon the sidewalk and knocked the plaintiff down and ran over her.

Counsel for the defendants before the beginning of the trial sought a continuance on the ground that Elizabeth Lowney, who was ill in a hospital, would be a material witness, and prepared a statement as to what she would testify if she were in court. To avoid the continuance counsel for the plaintiff agreed that she would so testify if she were in court. The statement is presented in the record and need not be here recited. In rebuttal, the plaintiff called as a witness one Simon, who testified that about two weeks after the accident he visited Mrs. Lowney at her home and she related what she saw of the accident. This testimony was admitted without objection. The witness further testified that after the statement as to what Mrs. Lowney would testify to had been put on evidence, he had seen Mrs. Lowney at the hospital, and questioned her as to her knowledge concerning the accident, and that in the presence of one Sullivan she gave him the written statement which follows: "I saw Mrs. Bruneau hit by a machine which went on the sidewalk. I didn't see the machine until it was going on the sidewalk. I didn't see where it came from. I didn't see

any truck at all around there until after Mrs. Bruneau was hit." This testimony was excluded, subject to the plaintiff's exception, on the ground that this conversation took place after the agreement was made with reference to what Mrs. Lowney would testify if present. The statements testified to by the witness Simon as having been made to him by Mrs. Lowney before and after the agreement of the plaintiff respecting the statement prepared by the defendant's counsel were materially different from that statement made by her, and which the plaintiff admitted would be the testimony of Mrs. Lowney if she were present at the trial.

The trial judge admitted evidence of inconsistent statements made by Mrs. Lowney before the agreement as to her testimony. His exclusion of inconsistent statements by her after the agreement was made presents the question whether such exclusion was reversible error. To determine this requires the correct construction of Common Law Rule 24 of the Superior Court (1923). The rule so far as material to the issue presented is as follows: "The party objecting to the postponement shall not be permitted to contradict the statement of what the absent witness is expected to testify, but may disprove any other fact stated in such affidavit. No action shall be postponed on such motion if the adverse party will admit that the absent witness would, if present, testify as stated in the affidavit, and will agree that the same shall be received and considered as evidence on the trial, in like manner as if the witness were present and so testified; and such agreement shall be in writing, at the foot of the affidavit, and signed by the party, or his attorney."

It is the contention of the plaintiff that the statements made by Mrs. Lowney to the witness Simon after the agreement had been entered into were admissible to affect the weight to be given to the statement made under Rule 24, *supra*. The defendant contends that the purpose of the rule is violated, and that the party who relies upon the statement of his absent witness is deprived of all protection if the opposing party can insist upon an immediate trial by agreeing what the testimony of the absent witness would

be, and then introduce conflicting and contradictory statements contended to have been made to other witnesses during the course of the trial; and that in the present case there would be no way open to the defendant to meet or refute the statement offered by the plaintiff as the witness herself could not be produced in court.

Under the rule, what the objecting party to the postponement is not permitted to contradict is "the statement of what the absent witness is expected to testify." There will be no postponement if he will admit that the absent witness would if present testify as stated in the affidavit and will agree that the same shall be received and considered as evidence in like manner as if the witness were present and so testified. In other words the party objecting to the postponement cannot contradict the statement that the witness would testify as stated in the affidavit, but the adverse party is not conclusively bound by such statement. He may show that the statements so made are contrary to the facts, and may introduce evidence of statements of the absent witness, made after as well as before the affidavit was filed, which tend to disprove the statements contained in the affidavit. It is for the jury to determine upon the facts stated in the affidavit, as well as upon other statements made by the absent witness both before and after the affidavit is filed, which, if any of them, are entitled to credit in deciding the issue presented to the same extent as if the witness had testified in person. *Commonwealth* v. *Jenkins*, 10 Gray, 485, 488. *Lewis* v. *Mason*, 109 Mass. 169, 175, 176. *Commonwealth* v. *Retkovitz*, 222 Mass. 245, 250. *Archibald* v. *Crocker*, 254 Mass. 337. We are of opinion that the evidence of statements made by Mrs. Lowney which were excluded was material and should have been admitted. The exception to its exclusion must be sustained.

The plaintiff excepted to the refusal to give six requests for rulings. The first and sixth are not argued and are treated as waived. The exceptions to the refusal to give the others must be overruled. They were fully covered by the charge so far as they properly could have been given.

*Exceptions sustained.*