DUFFCON CONCRETE PRODUCTS, INC., A CORPORATION, PROSECUTOR, v. THE BOROUGH OF CRESSKILL, RESPONDENT.

Argued January 21, 1948—Decided April 1, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the prosecutor, *Breslin & Breslin* and *James A. Major.*

For the respondent, Borough of Cresskill, *Walter H. Jones.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The Board of Adjustment recommended to the mayor and council that an exception from the restrictions of the zoning ordinance be granted to the prosecutor. The recommendation was rejected.

Prosecutor's first point is that the borough zoning ordinance is invalid.

The Borough of Cresskill is a residential community, and its zoning ordinance is obviously framed with the purpose of preserving that status. The ordinance sets up four zones. Three of them, "A," "B" and "C," are designated "residential" and are restricted to one family houses and related uses, with varying requirements as to size of lot. The areas within

the fourth or "D" zone are designated "Commercial Districts for Business Centers." The ordinance provisions as to that zone are in part as follows:

"(A) In any Commercial 'D' District, no building or premises shall be used and no building or part of a building shall be erected which is arranged, intended or designed to be used in whole or in part by any fabricating, manufacturing, converting, altering, finishing or assembling where mechanical power exceeding one horse-power electric motor is used, and where the major object of the establishment is to produce goods for sale other than at retail on the premises, or to furnish a service other than for residents of the locality, and where more than five mechanics or workers are habitually engaged on such work, except that in the following listed industries the maximum number of workers engaged on such work shall be as specified below:

"Carpet cleaning employing two workers.

"Dry cleaning shop employing two workers.

"Dyeing where not more than one dyer is employed.

"Enameling, japanning or lacquering, only where the liquid is applied in tanks of not over five cubic feet capacity.

"Tinsmiths, plumbing, gas, steam or hot water fitting shop employing two workers on the premises.

"Milk bottling or distributing station employing three workers.

"No manufacturing except as above set forth shall be permitted in any Commercial 'D' District."

Prosecutor desired to employ more than five mechanics or workers, to use mechanical power in excess of one horse power, to manufacture concrete slabs for sale other than at retail on the premises and to construct a building greater than fifteen feet in height. Under the ordinance no concern could do those things anywhere in the borough unless the Board of Adjustment should, after hearing, so recommend, and the borough council should thereupon approve. The board held a hearing and recommended that permission be granted to prosecutor. The council rejected the recommendation. The question is whether the pertinent ordinance provisions are constitutional.

The authority of government to impose limitations upon the use and employment of private property rests upon two sources, first, the police power inherent in government to promote the safety, health, morals and general welfare of a community, and, second, the zoning provisions in our constitution and the ancillary statutes and ordinances passed thereunder. The notable extension given by the constitutional amendment of 1927, to the inherent police power was the authority to the legislature to enact general laws under which municipalities might adopt zoning ordinances limiting and restricting to specific districts and regulating therein buildings and structures according to their construction and the nature and extent of their use. It is necessary for restrictive statutes and ordinances resting upon those sources to conform thereto. In a general way this means that, proper statutory and ordinance procedure being assumed, a municipality may protect the public health, safety, morals and general welfare and may, subject to limitations which need not here be defined, allocate to zones and regulate therein buildings and lands with respect to construction and the nature and extent of use; and may not otherwise interfere with the owner's use of his property. Applying this broad rule to the ordinance under review, we fail to find authority for the borough action in ordaining, for such is the effect of the ordinance, that nowhere in the municipality may a fabricating or manufacturing business or other like concern use mechanical power exceeding one horse power, or substantially produce goods for sale other than at retail on the premises, or furnish a service other than for residents of the locality, or habitually employ more than five workers. The purpose is clear and understandable; it was to limit business activities to the supply of demands arising from within the community; but we do not understand that it is within the reach of the police power, either inherent or as enlarged by the constitutional zoning provision, for a municipality to restrict the use of private property to the end that a community may be isolated either socially or commercially from outside intercourse. True, as indicated above, the ordinance gives to the Board of Adjustment authority, article I, section 3, paragraph D, to

"(2) Hear and decide special exceptions to the terms of this ordinance,—but no such exceptions shall be made to grant or allow a structure or use except as authorized by the statutes of the State of New Jersey.

"(3) Recommend in writing to the Borough Council, upon appeal in specific cases, that a structure or use be allowed in a district restricted against such structure or use, as authorized by the statutes of the State of New Jersey. If such recommendation shall be approved by resolution of the Council of the Borough of Cresskill, then the Building Inspector shall forthwith issue a permit for such structure or use."

But we have the situation that uses which hold no threat to the safety, health, morals or general welfare of the community are excluded from the entire borough except upon the successful address by a property owner to the discretion of two municipal bodies (*Weininger* v. *Metuchen,* 133 *N. J. L.* 544; *affirmed,* 134 *Id.* 562), with no adequate standard imposed by the ordinance upon those bodies for the exercise of that discretion.

Prosecutor's second point is that the mayor and council should have followed the recommendation of the Board of Adjustment. The fault lay in the ordinance rather than in the municipal action.

For lack of valid ordinance authority the decisions by both the Board of Adjustment and the mayor and council will be set aside, with costs.