420 BROAD AVE. CORP., PROSECUTOR, v. THE BOROUGH OF PALISADES PARK, DEFENDANT.

Argued May 5, 1948—Decided August 30, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Ford & Taylor*.

For the defendant, *Max Eisenstein* and *Louis Eisenstein*.

.The opinion of the court was delivered by

DONGES, J. On May 13th, 1947, the governing body of the Borough of Palisades Park adopted an ordinance entitled, "An ordinance to amend an ordinance entitled 'An ordinance to limit and restrict to specified districts or zones, and to regulate therein, buildings and structures according to their construction and the nature of and extent of their use, in the Borough of Palisades Park, N. J.'"

The amendment added to the zoning ordinance of 1939 paragraph 21 to subsection (c) entitled "B Districts—Business—of section 5, entitled 'Regulations and Restrictions,'" which reads:

"21. No premises shall be used, and no building shall be erected, altered, or remodeled which are arranged, designed or contemplated to be used for the conduct and operation of the business of selling, buying, storing or trading in second-hand or used automobiles."

Thereafter, on November 3d, 1947, application was made to the borough building inspector for a permit for the construction of a "building and used car lot" in said municipality. This was refused by the building inspector as being in violation of the borough ordinance. No further steps were taken by the prosecutor to secure said permit and the *certiorari* allowed in this case seeks to attack only the validity of the ordinance.

Prosecutor attacks the validity of the ordinance upon the ground that that portion of the questioned ordinance which attempts to control the use of vacant land separate and apart from the "buildings and structures" thereon is invalid "as without constitutional or statutory authority."

It has been repeatedly held that the power of a municipality to limit the use of lands is within the police power. In *Duffcon Concrete Products, Inc.*, v. *Cresskill*, 137 *N. J. L.* 81, Mr. Chief Justice Case said: "The authority of government to impose limitations upon the use and employment of private property rests upon two sources, first, the police power inherent in government to promote the safety, health, morals and general welfare of a community, and, second, the zoning

provisions in our constitution and the ancillary statutes and ordinances passed thereunder." *Cf. Midland Park Coal, &c., v. Terhune,* 136 *Id.* 442, opinion by Mr. Justice Eastwood, where it is said: "The argument that there is no constitutional or statutory authority to regulate by zoning, the use of vacant land has been disposed of adversely to prosecutor in *Yoemans et al.* v. *Hillsborough Township et al.,* 135 *N. J. L.* 599, opinion by Mr. Justice Colie."

We conclude that there is ample power to regulate the use of vacant lands in accordance with relation to public health, safety, morals, comfort, convenience, or the general good and welfare of the community.

Prosecutor urges that the provision prohibiting the use of buildings or lands for the carrying on of the business of buying and selling used automobiles is "unreasonable, arbitrary and capricious and therefore void." Prosecutor also argues that it is "particularly unreasonable as to this prosecutor." Inasmuch as the writ was allowed to review the validity of the ordinance and not any action affecting prosecutor, we limit consideration to the reasonableness and validity of the ordinance and not to the failure to accord exemption therefrom to the prosecutor.

It has been repeatedly held that the business of selling used cars is to be distinguished from the selling of new cars. In *Ring* v. *North Arlington,* 136 *N. J. L.* 494, Mr. Justice Heher said, "There are just and reasonable distinctions between the businesses of dealing in new and second-hand motor vehicles to support the classification thus made. There is a distinct line of cleavage between the two. The used car business lends itself peculiarly to trade practices and conditions affecting the public welfare not to be found in the new car business. The classification is not vicious on its face."

In *Chaiet* v. *East Orange,* 136 *N. J. L.* 375, Mr. Chief Justice Case in discussing the business of used cars concluded that "the general confusion of such a business when not supervised and restricted serve to present a fit, almost a necessary, subject for the exercise of a degree of municipal control."

In the instant case, prosecutor presents no proof to overcome the testimony on behalf of defendant and the presump-

tion, in the absence of proof to the contrary, that the ordinance is reasonable and for the public good.

The writ of *certiorari* is dismissed, with costs.

Mr. Justice Colie dissents.