HARRY RAMSBOTHAM ET AL., PROSECUTORS, v. THE BOARD OF PUBLIC WORKS OF THE CITY OF PATERSON ET AL., DEFENDANTS.

Submitted May 4, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Edward G. Weiss* and *Joseph J. De Luccia.*

For the defendants, *John M. Ward* and *Charles S. Silberman.*

The opinion of the court was delivered by

DONGES, J. This writ brings up for review a resolution of the Board of Public Works of the City of Paterson, adopted January 20th, 1948, which followed the recommendation of the Board of Adjustment of said city and granted to respondent, Harold Meyer, a permit to operate upon his property, located at 764-766 Market Street, at the southwest corner of Market and East 29th Streets, a used car lot although his property is located within a class B residence zone wherein such use is prohibited by the zoning ordinance of the city. The Board of Adjustment made its recommendation upon a

finding of fact that "such variance will not be contrary to the public interest and a literal enforcement of the provisions of the ordinance will result in an unnecessary hardship upon the applicant."

The respondent contends that the municipality has no power to regulate the use of vacant lands separate and apart from buildings under the zoning laws, but the contrary has been held in *420 Broad Ave. Corp.* v. *Borough of Palisades,* 137 *N. J. L.* 527, and the cases there cited.

Prosecutors, neighboring property owners who objected to the granting of the permit, contend that the zoning ordinance does not permit the allowance of such a permit in a residential zone. But the variance granted was under the provisions of the statute, *R. S.* 40:55–39, which provides for the recommendation of variances under special conditions wherein a literal enforcement of the ordinance will result in unnecessary hardship. The Zoning Board of Adjustment is "authorized to 'hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass,' as to lands within the area of 150 feet, if the proposed use is permissible in the adjoining district (subsection b); to grant a variance in the like area 'upon appeal in specific cases' where, 'owing to special conditions,' a literal enforcement of the ordinance would result in 'unnecessary hardship' (subsection c), and in such circumstances to 'recommend' a variance to the governing body where the projected use is not permissible in the adjoining district or the lands are beyond the area of 150 feet (subsection c). Section 40:55–39." *Potts* v. *Board of Adjustment,* 133 *N. J. L.* 230. The Board of Adjustment in the instant case made the necessary jurisdictional finding of undue hardship and based its recommendation to the governing body upon that finding, which recommendation was accepted and acted upon accordingly.

Prosecutors contend that the evidence does not disclose special conditions resulting in unnecessary hardship to the owner in a literal enforcement of the ordinance. Our examination of the proofs as recited in the minutes of the Board of Adjustment, as outlined in the minutes of the Board of Public Works and as contained in the depositions taken

under the writ leads us to the conclusion that the finding of the local authorities in this regard was fully justified. It appears that Market Street is a heavily traveled highway, being used by trucks, buses and passenger cars; that it is a business or industrial street for the greater part of its length, except for a few blocks. There was testimony that the property of the respondent is not suitable, under present conditions, for residential purposes and that few, if any, residences had been built in the neighborhood in recent years; and that its use for residential purposes would not be economically sound. The members of the Board of Adjustment and of the Board of Public Works inspected the property and the surrounding neighborhood, using the results of such inspection in arriving at their appraisement of the factual situation. We think the proofs afford ample support for their finding and further that this court "may not substitute its judgment for that of the zoning board within that body's sphere of action" and "may intervene only where the general regulation or the action taken by the subordinate agency is arbitrary, capricious or unreasonable." *Potts* v. *Board of Adjustment, supra.* We do not find these elements present in this case.

The writ of *certiorari* is dismissed, with costs.

Mr. Justice Colie dissents.