The plaintiff sues to have this court review a decision made on April 11, 1949, by the Board of Adjustment of the Borough of Rutherford.
The plaintiff owns a plot of vacant land in Rutherford, which he acquired about four years ago, located on the northwesterly corner of State Highway Route No. 17 and Nevins Street. The plot has a frontage on Route No. 17 of approximately 216 feet, and a depth of approximately 90 feet. The zoning ordinance of the Borough, which was adopted July 16, 1931, restricts the area, in which this plot is located, to residential use.
On or about March 30, 1949, plaintiff applied to the Building Inspector of Rutherford for a permit to erect, on the aforesaid plot, a gasoline and motor-vehicle service station. The permit was denied. On April 11, 1949, the plaintiff appealed to the Board of Adjustment, which Board heard the appeal and denied it.
In the vicinity of the premises in question, State Highway Route No. 17 runs in a general north-and-south direction. It is a four-lane highway at this point, and the flow of traffic, both north and south, is heavy. There are no streets intersecting Route No. 17 on its easterly side.
Across this highway from the premises in question (that is, along the easterly side of Route No. 17) lies solid, dry, vacant land, extending for a distance of approximately 520 feet north from a point directly opposite the premises in question and about 440 feet south therefrom. This 960 feet — approximately — of highway frontage averages in depth from 100 to 120 feet. Back of this frontage, which is zoned for residential use, lies salt marsh meadow-land. North of this vacant strip of highway frontage and adjoining it is the Bonny Dell Dairy Farm, which was there prior to 1931, the year the zoning ordinance was adopted. The farm has a frontage of approximately 1,000 feet on the easterly side of Route No. 17, and an average depth of approximately 450 feet.
The first street south of Nevins Street, on the westerly side of the highway, is Crane Avenue, and then next further *Page 477 
south is Van Riper Avenue, both of which streets intersect the westerly side of Route No. 17. One block south of Van Riper Avenue is Rutherford Avenue, the center line of which is the boundary line between Rutherford and the Township of Lyndhurst. State Highway Route No. S-3 runs along the northerly side of Rutherford Avenue in a deep cut, about 672 feet south of Nevins Street.
The first street north of Nevins Street, on the westerly side of Route No. 17 (approximately 950 feet north of Nevins Street) is East Pierrepont Avenue. The next three blocks further north are short blocks, and the streets are consecutively named Elizabeth Street, Roliver Street, and Summit Cross.
The land fronting on the westerly side of Route No. 17 between Van Riper Avenue and Roliver Street (a distance of approximately 2,500 feet) is vacant, except for one single-family residence standing on the northwesterly corner of Crane Avenue and Route No. 17. Part of this frontage appears to be the rear yards of some of the single-family residences which front on the easterly side of Elycroft Parkway, a street which parallels the state highway and lies one block to the west thereof. Three or four new single-family residences, fronting on the easterly side of Elycroft Parkway, appear to be within 50 feet of the rear property line of the said plot owned by the plaintiff. The main part of the Borough of Rutherford lies to the west of Route No. 17, and all of the area from Route No. 17 westerly to the Passaic River is restricted to residential use by the Borough's zoning ordinance.
The plaintiff, who has been in the real estate business for about twelve years, testified at the hearing before the Board of Adjustment, that the land involved in this proceeding was not adaptable for residential use because of its fronting on a super-highway. He said that, in his opinion, the residential property in the neighborhood would not be adversely affected if he were permitted to erect a gasoline and automobile service-station on the premises in question. He also said that the only available use suitable for his property was for *Page 478 
some business purpose. The plaintiff's contentions were supported by the testimony of another real estate expert.
At the hearing before the Board of Adjustment, a large number of residents and neighborhood home-owners appeared and strongly objected to the board's granting a variance to the zoning regulations. They said that, when they purchased their homes, they were relying upon the specific zoning restrictions which prohibited the use of the said premises for any business purpose. The residents contend that the erection of a gasoline and automobile service-station would be a great detriment to the neighborhood.
Zoning regulations are permitted for the purpose of promoting the general welfare (R.S. 40:55-32) and it is presumed that the restrictions in a zoning ordinance limiting the use of land to a specified purpose is in the public interest (Crow v. Westfield,136 N.J.L. 363). Zoning regulations are not intended to deal only with present conditions; in fact, they are usually designed to guide the future growth and development of a municipality for the common good by stabilizing property uses, and preserving the character of neighborhoods. It would seem that the recent construction of new single-family homes on Elycroft Parkway is a partial fulfillment of the purposes for which the Rutherford ordinance was designed and adopted eighteen years ago. However, there is no evidence in this case that the ordinance is not a reasonable exercise of the police power; and, moreover, the plaintiff's appeal to the Board of Adjustment necessarily assumes the validity of the ordinance, because a variance could not be granted from an invalid or illegal regulation.
The plaintiff seeks a waiver, or an exception, to the zoning regulations in so far as they apply to his particular parcel of land. In effect, he is seeking a special privilege for himself under the zoning law. He may be entitled to such a variance from the strict application of the ordinance if he can prove that the particular provisions of the ordinance applicable to his land result in an exceptional and undue hardship upon him; provided, "such relief can be granted without substantial detriment to the public good and will not substantially *Page 479 
impair the intent and purpose of the zone plan and zoning ordinance" (R.S. 40:55-39; P.L. 1949, c. 242).
The facts indicate that the zoning regulations applicable to the premises in question were in the public interest. The area was developed in accordance with the plan of the zoning ordinance. The new homes erected on the lots adjoining this land were purchased in confident expectation that zoning restrictions applicable to the district would be maintained. The public good will suffer a substantial detriment if zoning regulations are abandoned, after they have only partially fulfilled their purpose, in order to grant a special privilege to an owner of a particular plot of land. Zoning regulations must necessarily have public confidence and support in order to promote the public welfare; hence, if any reliance is to be placed in them, these regulations must possess a high degree of stability and permanence!
Furthermore, it is not apparent in what manner the zoning regulations could cause the plaintiff any exceptional and undue hardship, since the zoning ordinance was adopted July 16, 1931, and plaintiff testified that he purchased the premises in question about four years ago. The plot of land was then subject to the restrictions in the zoning ordinance, knowledge of which he is presumed to have possessed (Marrocco v. Board ofAdjustment of the City of Passaic, 5 N.J. Super. 94). (It appears from the records of deeds in the Bergen County Clerk's Office that the plaintiff and one Joseph Lanza purchased the plot of land described in the complaint on May 2, 1946, for $1,800 from the Borough of Rutherford. The conveyance was by a bargain and sale deed. On February 9, 1949, plaintiff purchased from Lanza his one-half undivided interest, and the revenue stamps on the deed indicate that the purchase price was $1,500).
This case also presents another important question for consideration. The statute provides that a board of adjustment may authorize a variance from the strict application of the zoning regulation whenever the owner of a specific piece ofproperty suffers an exceptional and undue hardship under the zoning regulations, by reason of some extraordinary *Page 480 
and exceptional situation or condition, provided, the public welfare is not thereby substantially injured, or the purpose of the zoning plan substantially impaired (R.S. 40:55-39; P.L.
1949, c. 242). The clear intent of the statute is to authorize the board of adjustment to grant relief only in those cases where the owner of a specific piece of property is singularly subjected to exceptional difficulties or hardship. That is to say the power of the board of adjustment to authorize a variance in the zoning regulations is limited to those cases in which the restrictions place hardship upon the owner of a particular pieceof property because of a situation or condition peculiar to hisproperty alone. The board of adjustment does not possess any legislative powers; its powers are only administrative. Therefore, when the situation, or condition, is general, and when it affects other properties within the same zone, in the same manner and to the same extent that it affects the lot, or plot of land in question, the board of adjustment does not possess the power to grant a variance. The proper remedy for relief in a matter of that nature lies with the governing body of the municipality to amend the zoning ordinance (R.S. 40:55-35;Brandon v. Montclair, 124 N.J.L. 135). Plaintiff in this case objects to the zoning restriction limiting his land to residential use because it fronts on a super-highway. Many other lots, or plots of land, subject to this same zoning restriction, front on this same highway. If plaintiff is entitled to a variance from the zoning restriction on his lot, so too are the owners of all the other lots fronting on this highway. Therefore, the board of adjustment did not have the power to authorize the variance for which the plaintiff brought his appeal.
Plaintiff also contends that the entire zoning ordinance is unconstitutional and void merely because it fails to specifically mention and allow gasoline service-stations in any zoning district. In no other respect is the validity of the ordinance challenged, and it is presumed to be legal and valid in all its other provisions since there is no evidence to the contrary (American Grocery Co. v. Board of Com'rs of City of NewBrunswick, 124 N.J.L. 293; Salisbury v. *Page 481 Ridgefield, 137 N.J.L. 515; 420 Broad Avenue Corp. v.Palisades Park, 137 N.J.L. 527). The zoning ordinance prohibits gasoline service-stations in residential districts, and this is a reasonable zoning restriction. Since a large part of the zoning ordinance is reasonable, it will not be set aside. The character of its operation in a particular case is to be tested by reviewing an enforcement of it in such case (Neumann v.Hoboken, 82 N.J.L. 275).
For the reasons mentioned above, the action of the Board of Adjustment of the Borough of Rutherford, here under review, is affirmed; and these proceedings will, therefore, be dismissed. *Page 482